J. J. SCHLAWIG, Appellee, v. MARIANA DE PEYSTER *et al.*, Appellants.

1. **Original Notice:** SUBSTITUTED SERVICE: RESIDENCE: VOID JUDGMENT. Where, in an action for the foreclosure of a mortgage, service of the original notice was made upon the defendant mortgagor by delivering a copy thereof to his wife at the place where she and the defendant's children resided in this state, but the mortgagor had about eighteen months previously gone to another state, intending to make his home there, and there engaged in business, built a house, shop, and other buildings, voted at elections, sat upon juries and discharged other duties of a citizen, but did not remove his family there for several years, though continually intending to do so, and visited them in this state at long intervals, *held*, that a decree of foreclosure based upon such service was void for want of jurisdiction.

2. **Practice in Supreme Court**: APPEAL: REVIEW. Where a cause is pending in the supreme court upon the appeal of one of the parties thereto, the amount of the judgment therein will not be reviewed upon the complaint of one who has not appealed therefrom.

3. **Decree**: PERFORMANCE: EXTENSION OF TIME ON APPEAL. Where in an action to redeem from a judicial sale the plaintiff was awarded the right of redemption if made within ninety days after the rendering of the decree, but redemption within such time was prevented by the appeal of the defendant to the supreme court, *held*, that the plaintiff was entitled to ninety days after the affirmance of the judgment in the supreme court in which to redeem.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, OCTOBER 7, 1891.

ACTION in chancery to redeem certain lands from a mortgage and from a sheriff's sale under a foreclosure of the mortgage for interest. There was a decree, upon a trial on the merits, granting the relief prayed for in the plaintiff's petition. The defendants appeal. *Affirmed.*

*S. M. Marsh* and *T. G. Henderson*, for appellants.

*O. C. Treadway* and *Argo, McDuffie & Argo*, for appellee.

BECK, C. J.—I. The plaintiff executed a mortgage to the defendant De Peyster to secure the payment of six hundred dollars and interest payable upon maturity of certain notes given therefor. Upon the maturity and non-payment of interest, an action to foreclose the mortgage was instituted, and a decree of foreclosure was rendered, and a sale of the land thereon was for the amount of the judgment for interest, with attorney's fees and costs. The plaintiff seeks in this action to redeem from the sale and mortgage, basing his right on the ground, among others, that the decree of

1. ORIGINAL notice: substituted service: residence: void judgment.

foreclosure is void, for the reason that the original notice in the case was not served upon him as required by law. The service was made by copy delivered to a member of his family (his wife) at his alleged usual place of residence in this state. The plaintiff alleges that his usual place of residence at the time of service was in the Black Hills, Dakota, and not in Iowa, and insists, therefore, that the decree is void for want of jurisdiction of his person.

II. The record very satisfactorily shows that about eighteen months before the service of the notice the defendant, who then lived with his family in Sioux City, went to the Black Hills, intending to make his home there. He left his family consisting of a wife and children, in Sioux City, intending to remove them to the Black Hills as soon as he could do so. He engaged in mining and other business in the Black Hills, and built a house, shop and other buildings there. He voted at the elections and sat upon juries and discharged other duties of a citizen, but did not remove his family there, though continually intending so to do. He visited his family about two years after he went to the Black Hills, and repeated the visit at long intervals. He never abandoned his purpose of removing his family to Dakota. He seems to have done no act indicating that he regarded Iowa as the place of his residence. We think that actual residence, with the purpose and intent that it is legal and shall be permanent, fixes the legal residence contemplated by the statute providing for service of original notices of actions by a copy delivered to a member of the defendant's family at his usual place of residence, without regard to the place of residence of his family. We know of no rule which fixes absolutely a man's residence at the place of residence of his wife and family. A presumption may arise that his residence is with his family, but that presumption may be overcome by

evidence showing the fact to be otherwise. Such presumption is in this way overcome by the evidence in this case. In support of these views, see the following cases: *Cohen v. Daniels*, 25 Iowa, 88; *Vanderpool v. O'Hanlon*, 53 Iowa, 246; *Ringgold v. Barley*, 5 Md. 186; *Gilman v. Gilman*, 52 Me. 165; *Hairston v. Hairston*, 27 Miss. 704. *Love v. Cherry*, 24 Iowa, 204, cited by counsel for the defendant, is not in conflict with our conclusions in this case. Because of absence of intention to make the residence in question permanent, and a continual purpose to return to a prior place of residence, it was held in that case that at such prior place of residence service of notice could be lawfully made by copy upon a member of the defendant's family. In this case there was a fixed and constant purpose to remove the plaintiff's family to the Black Hills, which was all the time regarded by him as the permanent place of residence and home of the plaintiff. This purpose was never relinquished or changed, and there is no evidence showing facts in conflict therewith. It is our conclusion that the decree of foreclosure is void for want of jurisdiction of the person of plaintiff, and for this reason he may redeem from the sale and mortgage.

III. Plaintiff complains of the amount which he is required by the decree to pay in order to make the redemption. We think the evidence well supports the correctness of the decree in this regard. Besides, as the plaintiff did not appeal, he is not in a condition to complain of the decree, and ask that it be reversed or changed in this court.

2. PRACTICE in supreme court: appeal: review.

IV. By the decree of the court below the plaintiff had ninety days from the rendition thereof in which to make redemption. That time has expired pending the appeal which prevented performance by the plaintiff. The time for redemption ought to be extended for

3. DECREE: performance: extension of time on appeal.

ninety days after the entering of final decree and judgment upon this appeal. The decree of the district court is affirmed, with the modification just suggested, that the plaintiff have ninety days in which to redeem.

A decree to that effect will be entered in this court. AFFIRMED.