Sara A. KARLSSON, Appellant,

v.

Baruch RABINOWITZ, Appellee.

No. 8877.

United States Court of Appeals Fourth Circuit.

Argued April 4, 1963.

Decided June 3, 1963.

Carl J. Batter, Washington, D. C. (Carl J. Batter, Jr., Washington, D. C., on brief), for appellant.

Samuel Intrater (Albert Brick, Washington, D. C., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and HARRY E. WATKINS, District Judge.

BOREMAN, Circuit Judge.

This is an appeal from an order of the District Court for the District of Maryland quashing the service of process on the defendant below, Baruch Rabinowitz. The only issue involved is whether the substituted personal service effected constituted sufficient compliance with Rule 4(d) (1) of the Federal Rules of Civil Procedure[1] so as to give the court below jurisdiction to try the case on its merits and render judgment. More specifically, the narrow question to be determined is whether the house at which service was effected was, at the time of service, defendant's "dwelling house or usual place of abode" within the meaning of the rule.

The facts as found by the court below, which we accept, show that for some time previous to the service of process Rabinowitz had owned and maintained a home in Kensington, Maryland, where he had resided with his wife and children; that on or about July 5, 1962, having previously decided to leave Maryland and establish his permanent residence and engage in business in Phoenix, Arizona, having consummated an employment agreement with an employer in Phoenix and having contracted for the purchase of a new home in Phoenix and for the sale of his house in Maryland, Rabinowitz left Maryland with the intention of permanently giving up his residence there, never to return. He went to a motel in Phoenix where he planned to reside temporarily until the house which he had purchased, and which was in the process of construction, was completed. Mrs. Rabinowitz, the children and a maid continued to reside at the Maryland home, the wife having remained to dispose of certain household furnishings, to arrange for the shipment to Arizona of other such furnishings and to be present at the closing of the sale of the house, scheduled for August 3, 1962, so that she could deliver the deed, which had been previously executed by her husband.

On July 25, 1962, while Rabinowitz was at the Phoenix motel, process was served by leaving a copy thereof at the Maryland home with Mrs. Rabinowitz.[2] Thereafter, having completed the sale of the Maryland house, Mrs. Rabinowitz and family left Maryland, arriving in Phoenix on August 6, 1962, to rejoin the defendant.

On these facts the court below held that on the date of service the Maryland

---

1. "Rule 4.
"PROCESS
\* \* \* \* \*
"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."
\* \* \* \* \*

2. Undoubtedly, the defendant was promptly notified of this service of process and the institution of the action. This is evidenced by the fact that within a few days counsel appeared for him and moved to quash the service.

house was not defendant's "dwelling house or usual place of abode," rationalizing that for a place to constitute one's dwelling house or usual place of abode there must exist in the mind of that person the intention to return to that place.

Although relatively few federal decisions have construed the language of the rule in question, there are innumerable state court decisions which have construed substantially similar provisions and similar language in various state statutes and rules. As so aptly noted by Judge Huxman in First Nat. Bank & Trust Co. v. Ingerton, 207 F.2d 793, 794 (10th Cir. 1953), the pertinent state court decisions are in hopeless and irreconcilable conflict. See also Rovinski v. Rowe, 131 F.2d 687 (6th Cir. 1942), as indicating the wide diversity of opinion. An exhaustive but rather unhelpful collection of these decisions can be found in 127 A.L.R. 1267 (1940) and those listed in the A.L.R. Blue Book of Supplemental Decisions. As remarked by the District Court in the instant case, each decision "proceeds on its own facts and, with rare exception, a given set of facts is not duplicated." We find, as does Professor Moore, that "* * * the decisions interpreting the term indicate that no hard-and-fast definition can be laid down, but that what is or is not a party's 'dwelling house or usual place of abode' within the meaning of the rule or statute is a question to be determined on the facts of the particular case." 2 Moore, Federal Practice, paragraph 4.11, at 929 (2d ed. 1962).

Although it is true that in a great many of the decisions the defendant's intention to return or not to return is mentioned, we discern that the intention of the one served is used not as a test in itself but as some indication as to whether or not it is likely in a particular case that the one served will actually receive notice of the commencement of the action and thus be advised of his duty to defend.

██ To the extent that there is any rule or guide to be followed by the federal courts in such a case it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d) (1) should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits. Rovinski v. Rowe, supra; 2 Moore, Federal Practice, paragraph 4.11, at 928 (2d ed. 1962). See Williams v. Capital Transit Co., 215 F.2d 487, 490 (D.C.Cir. 1954); First Nat. Bank & Trust Co. v. Ingerton, supra, 207 F.2d at 795 (dissent); James v. Richard F. Davis, Inc., 163 F.Supp. 253 (N.D.Ind. 1958). Cf. McFadden v. Shore, 60 F. Supp. 8 (E.D.Pa. 1945); Skidmore v. Green, 33 F.Supp. 529 (S.D.N.Y. 1940).

The district judge, whose opinion the defendant adopts as his brief in this court, found that "* * * factually, the case closest to that at bar is Williams v. Capital Transit Co., 94 U.S.App.D.C. 221, 215 F.2d 487 [D.C.Cir. 1954]." However, the circumstances disclosed in the Williams case are altogether distinguishable from those in the instant case. There the defendant received no notice of the action until three years after default judgment had been entered against him, making inapplicable the liberal construction of the rule approved in Rovinski v. Rowe, supra. Furthermore, the facts of the Williams case show that the defaulting defendant had become estranged and had separated from his wife about three years prior to the service of process which was made upon his estranged wife at her residence. It is patent that the likelihood of the husband's receipt, through such service of process, of actual knowledge of the action and his duty to defend is rather remote. Distinguishable, also, are all of the other decisions holding that service at the residence of an estranged and absent spouse is not sufficient to confer jurisdiction over the other spouse. Hiram Walker Distrib. Co. v. Giacone, 339 Ill.App. 279, 89 N.E. 2d 748 (Ill.App.1950); Scobbie v. Burch, 337 Ill.App. 656, 86 N.E.2d 160 (Ill.App. 1949). The case of Schlawig v.

DePeyster, 83 Iowa 323, 49 N.W. 843, 13 L.R.A. 785 (1891), which held that service, in a mortgage foreclosure action, on the wife of a man who had been permanently and continuously out of the jurisdiction for about eighteen months was not sufficient service on him even though the two were not estranged and he intended all the time to move his family to his residence in another state, is not persuasive since there it does not affirmatively appear that the husband had actual notice prior to the time a default judgment of foreclosure was obtained against him. The decision gave him the opportunity to redeem.

Although, as we have noted, a comparative analysis of facts in other cases is not particularly helpful in determining the question presented here, we are impressed by the reasoning of the court in State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 127 A.L.R. 1263 (Fla. 1940). In that case there were even less indicia of residence and of permanency of abode and the defendant actually maintained a permanent residence for himself *and* his family in a distant state; but the Florida court, relying upon the language of the Court in Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398 (1875), to the effect that the real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff, attached primary significance to the close family ties of man and wife coupled with the existence of a family residence in holding that " * * * although his permanent residence was in a distant state, * * * his then place of abode was where his family was living." (195 So. at 147.) There, as here, the defendant actually received notice of the action and appeared specially and moved to quash the return of service. The court, obviously approving the liberal and just rule to be later applied in Rovinski v. Rowe, supra, stated, " * * * we think that justice has been done, therefore, we affirm the judgment which we understand will result in the trial of the original claim on its merits in the Civil Court of Record." (195 So. at 148.)

 Under the particular circumstances of this case and applying the rule of liberal construction, we hold that service of process on Rabinowitz was sufficient. Accordingly, the case will be remanded for further proceedings.

Reversed and remanded.