ARTHUR BIRNBAUM, Plaintiff

v.

LASLO ZENDA and MARIE THERESE ZENDA, Defendants

Civil No. 195-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 14, 1977

HARRY DREIS, ESQ., St. Thomas, V.I., *for plaintiff*

RICHARDS & MAYNARD (JAMES A. RICHARDS, JR., ESQ.), St. Thomas, V.I., *for defendant Laslo Zenda*

POOLE & HOLLAR (BRENDA J. HOLLAR, ESQ.,) St. THOMAS, V.I., *for defendant Marie Zenda*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

The above captioned case was instituted by plaintiff Arthur Birnbaum on March 15, 1977, to collect on a $10,000 loan allegedly made to defendants Laslo Zenda and Marie Therese Zenda, plus accrued interest. Marie Therese Zenda was served with process on March 23, 1977, by leaving a copy of the summons and complaint with her husband, and her husband was served personally on March 28, 1977.[1] At plaintiff's request a default was entered against Marie Zenda by the Clerk of the Court on April 18, 1977, for failure to appear, plead or otherwise defend within the time limitations of Rule 12(a) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 12(a). On April 20, 1977, the court issued an order giving said defendant 15 days to show cause why judgment should not issue on the default. No response having been filed within the stated time, the court on the basis of the affidavit submitted by plaintiff's counsel entered judgment against Marie Zenda in the full amount of $13,984.44.

On August 16 defendant Marie Zenda, by and through her attorney Poole & Hollar, Brenda J. Hollar of counsel, moved this court to vacate the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 60(b), and to quash service of process on the grounds that she has not lived in St. Thomas for approximately seven years and therefore she was not served at her dwelling house or usual place of abode pursuant to Rule 4(d)(1) of the Federal Rules of Civil

---

[1] Laslo Zenda's answer to the complaint is in the form of a general denial. No issue raised by Mr. Zenda's answer is appropriately considered at the present time.

Procedure, 5 V.I.C. App. I Rule 4(d)(1). In addition, defendant asserted in her accompanying memorandum of law that she and her co-defendant, Laslo Zenda, are legally separated. On September 30, 1977, defendant Marie Zenda filed an affidavit with this court attesting to the above facts.[2]

Plaintiff opposed defendant's motion to quash service. In addition, plaintiff also has moved to amend his complaint and has asked for the issuance of a writ of attachment pursuant to 5 V.I.C. § 251 et seq. against the real property of defendant Marie Zenda located at #193 Estate Contant, St. Thomas. Plaintiff has requested a hearing on the latter motion, and gave notice to the defendant that an opportunity to be heard would be accorded her.

The question thus presented to the court is one of fact. Was #193 Estate Contant the "dwelling house or usual place of abode" of Marie Zenda for the purpose of service of process in accordance with Rule 4(d)(1).[3]

In considering this question it should be noted that

the majority of cases interpreting the words in the context of determining the validity of service appear to have focused on their literal meaning.

4 Wright and Miller, Federal Practice and Procedure: Civil § 1096, at 363–64 (1969). The unrefuted affidavit of Marie Zenda states that she has not resided in this jurisdiction for the past seven years and that she is separated from her husband, Laslo Zenda. Taking the terms of Rule 4(d)(1) at their face value it is difficult to imagine under what

---

[2] The court is not certain what Ms. Zenda means by "legally separated" because there also is pending in this court Family No. 353-77 styled "Laslo Zenda v. Marie Therese Zenda, 945 West End Avenue, Apt. 2C, New York City 10025," an action for legal separation. In that action, service was made at the above listed New York address on "Ms. Marie Therese Zenda's mother." No answer, or notice of appearance has been filed on her behalf in that action.

[3] The summons to Marie Therese Zenda was directed to her at Estate Contant #193. The marshal's return of service states that he served "Marie Therese Zenda c/o Laslo Zenda (husband)."

theory it may be said that #193 Estate Contant was either her "dwelling house" or her "usual place of abode." Although the terms are not strictly synonymous, the court cannot find that #193 Estate Contant was either.

In Williams v. Capital Transit Co., 215 F.2d 487 (D.C. Cir. 1954), the court was presented with a factual situation nearly identical to the present one. The suit there arose out of an automobile collision. At the time of the accident, May 27, 1947, the defendant Henderson Douglas was living with his wife in their marital abode at 311 Madison Street, N.W., Washington, D.C. In September of that year the parties separated and Mr. Douglas never thereafter resided at the above address. In 1948 he moved to Utah, and by January of 1950 he had become a permanent resident of Salt Lake City. Service was made on him, pursuant to Rule 4(d)(1), by leaving a copy of the summons and complaint with his wife at 311 Madison Street. By affidavit Mr. Douglas contested the default judgment subsequently entered against him, asserting that he had never been served with process, never knew the action had been commenced against him, and was first apprised of it after judgment had already been rendered. The court said:

Of course, if the defendant did not in fact reside at 311 Madison Street, N.W. after September 1947, it was not his usual place of abode even if his wife, from whom he separated still resided there. . . . .

The trial judge concluded that service upon Jane Douglas was not service upon the defendant, because 311 Madison Street was not his place of abode when the marshal left papers with her. Thus, the District Court never acquired jurisdiction over the person of Douglas.

. . . Where the District Court failed to acquire jurisdiction over the person of Douglas, it was without power to adjudicate rights asserted against him . . . The judgment as to Douglas, accordingly, was void. Id. at 489–90.

185

The court is aware of authority for the proposition that where a defendant has actual notice and service of process is left at a former place of abode that the service is valid to confer jurisdiction on the court. See Karlson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963); Blackhawk Heating & Plumbing Co. v. Turner, 50 F.R.D. 144 (D. Ariz. 1970); Wright and Miller, supra, at 366–67. The court does not believe, however, that the principles of the above cases are applicable to the facts of the present case. In Karlson and Blackhawk Heating the recipient of the process was one who, the court might assume, would naturally inform the defendant of the service that had been made. In the Karlson case the recipient was defendant's wife; in Blackhawk Heating it was defendant's daughter. In both instances, presumably, the recipients had interests concurrent with those of the respective defendants. No such presumption can obtain in cases such as the present one between co-defendants who, although still married, are estranged and who have an action for legal separation pending in this court.[4] Clearly, the interests of such co-defendants will often be adverse. There is an additional element in this case that is lacking in the above two cases and that is the long length of time during which Marie Zenda has absented herself from her former abode and this jurisdiction. By no stretch of the imagination may it be said that Ms. Zenda, seven years after her departure, maintains her dwelling house or usual place of abode in St. Thomas.

The premises considered it is therefore

ORDERED that defendant Marie Zenda's motion to quash service be and the same hereby is granted, and it is further

ORDERED that the default judgment entered against the defendant Marie Zenda be and the same hereby is

---

[4] Family No. 353-1977. See note 2, supra.

vacated pursuant to Rule 60(b)(4), 5 V.I.C. App. I Rule 60(b)(4), on the grounds that the judgment was void for lack of jurisdiction, and it is further

ORDERED that plaintiff's motion to amend his complaint is granted, and it is further

ORDERED that plaintiff's motion for the issuance of a writ of attachment is denied without prejudice until such time as the plaintiff causes a proper summons to be issued to defendant Marie Zenda as required by 5 V.I.C. § 251. At said time the court will entertain an application for a writ of attachment either ex parte or after a hearing, provided plaintiff complies with the standards set out in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719 (1975); Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895 (1974).