**In re Richard G. PAOLINO and Elaine M. Paolino, Debtors.**

**Bankruptcy No. 84–00759G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 24, 1985.

Kenneth F. Carobus, Morris & Adelman, P.C., Philadelphia, Pa., for petitioning creditors.

Nathan B. Feinstein, Anne Marie P. Kelley, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for debtors, Richard G. Paolino and Elaine M. Paolino.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for decision in the matter before us is whether we should enter an

order for relief on the creditors' involuntary petition in the face of the defense of insufficiency of process on the alleged wife-debtor and the alleged debtors' request for abstention. For the reasons expressed below we conclude that process was sufficient, that abstention is not warranted, and therefore, we will enter an order for relief against the debtors.

The facts underlying this action are summarized as follows:[1] A complaint in equity was filed in state court by Union National Bank and Trust Co. of Souderton ("Union Bank"), against the alleged debtors, prompting that court to appoint a receiver. One and a half years later the state court ordered that the equity action proceed under Pennsylvania's Insolvency and Assignment Statute.[2] Seven months later an involuntary petition was filed under chapter 11 of the Bankruptcy Code ("the Code") by four of the debtors' unsecured creditors, to whom is owed in excess of $5,000.00 of undisputed debts.

Prior to the filing of the petition the receiver had marshalled and liquidated some of the alleged debtors' assets, reviewed creditors' claims, hired various accountants and appraisers and performed numerous related tasks. The alleged debtors have failed to prove that abstention by this court, to allow the state court receiver to continue administering the alleged debtors' assets, would be in the best interests of creditors and the debtors.

A copy of the involuntary petition and a summons were duly served by mail on the alleged husband-debtor at his place of employment, the Brookhaven Family Medical Center, where service by mail was likewise made on the alleged wife-debtor. Although the alleged wife-debtor was absent from the hearing on the involuntary petition apparently due to her evasion of service of a subpoena, the alleged husband-debtor testified that the alleged wife-debtor was a school teacher and had no affiliation with the medical center. Nonetheless, in various state court pleadings, the alleged debtors have admitted the allegation that "Richard and Elaine Paolino [are] trading as Brookhaven Family Medical Center," and in numerous other court pleadings, the name of the alleged wife-debtor is similarly linked with that of the medical center. The alleged wife-debtor received actual notice of the filing of the petition apparently through the alleged husband-debtor with whom she resides.

■ As stated above, the alleged debtors assert that relief cannot be ordered against the alleged wife-debtor because of defective service of the involuntary petition. Bankruptcy Rule 1010 provides that service of an involuntary petition and an accompanying summons shall be served in the manner provided for service of a summons and complaint by Bankruptcy Rule 7004(a) or (b). Rule 7004(b) authorizes service by first class mail *inter alia:*

> Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to his dwelling house or usual place of abode or to the place where he regularly conducts his business· or profession.

Rule 7004(b)(1). This provision reflects the operative language of Fed.R.Civ.P. 4(d)(1)[3] which provides for personal service on individuals. The case law construing this provision holds that "Rule 4(d)(1) should be liberally construed to effectuate service where actual notice of suit has been received by the defendant." *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir.1942); *Nowell v. Nowell*, 384 F.2d 951, 954 (5th

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Pa.Stat.Ann. *tit. 39, § 31, et seq.* (Purdon 1954).

**3.** "Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(d)(1)

Cir.1967), *cert. den.*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150; *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir.1963). In *Nowell* the court held that service was good although the complaint was served on the resident manager of the defendant's apartment complex. The complex consisted of 63 units in two buildings separated by an alley. The buildings had different addresses as they fronted on different streets. The manager, who had never met the defendant at the time of service, resided in one of these buildings and the defendant resided in the other. The defendant timely received actual notice of the action and directed his attorney to move to quash the service.

Service was likewise held to be effective in *Karlsson*. In that case the defendant had owned and maintained a home in Maryland where he resided with his wife and children. The defendant, having accepted an offer of employment in Arizona, contracted for the sale of the Maryland home and the purchase of a new one in Arizona. He left Maryland with the intention of permanently relinquishing his residence there, never to return. The wife and children remained at the Maryland home to arrange for the shipment of the family's belongings, during which time the complaint was served on the defendant's wife at the Maryland home. Two weeks later, the wife and children joined the defendant in Arizona by which time the wife had apprised the defendant of the service of process. The court upheld the service ostensibly on the bases of the defendant's actual knowledge of the service, the likelihood that service on the wife was reasonably calculated to inform the defendant of the suit and the defendant's former connection to the Maryland residence.

In the case at bench the wife had actual knowledge of the pendency of the petition as evinced by the presence of her attorney in court who has sought to quash the process. Service on the alleged husband-debtor was reasonably calculated to inform the alleged wife-debtor of the involuntary petition and the alleged wife-debtor has or had at least some nebulous connection with the alleged husband-debtor's place of business where process was served. Under *Nowell* and *Karlsson* we hold that service was effective against the alleged wife-debtor.

■ Moving to the merits of the involuntary petition, we found above that the four creditors, to whom the debtor owes in excess of $5,000.00 of undisputed, unsecured debts, joined the petition. 11 U.S.C. § 303(b)(1). Under § 303(h) relief may be ordered if the debtors are generally not paying their debts as they become due unless those debts are the subject of a bona fide dispute. Unrebutted evidence firmly establishes that the debtors were generally not paying their debts, and they have offered no evidence to indicate that the debts are disputed, and thus the petitioning creditors have presented a prima facie case for the entry of an order for relief.

■ The debtors have hoped to preclude the entry of an order for relief by urging that abstention and dismissal under 11 U.S.C. § 305 of the Bankruptcy Code are appropriate. That section of the statute states, *inter alia*, that the "court after notice and a hearing may dismiss a case under this title, at any time if—the interests of creditors and the debtor would be better served by such dismissal or suspension...." The debtors press for the application of § 305 on the basis that the state court receiver is significantly involved with the case, he has expended much effort in advancing the insolvency proceeding and the termination of his duties on the entry of an order for relief would result in the duplication of his efforts by the bankruptcy trustee or the debtor in possession. Although the receiver has done a commendable job, the alleged debtors have failed to prove the extent of any possible duplication of effort, and more explicitly, they have failed to establish that the interests of the creditors and the alleged debtors would be better served by dismissal or suspension of these proceedings. Thus, we will deny the request for abstention.

We will accordingly enter an order for relief against the alleged debtors on the involuntary petition.