Vernessa REED, Plaintiff and Appellee,

v.

Keith REED, Merrill W. Reed, Georga Reed and John Does 1 through 15, Defendants and Appellants.

No. 890446.

Supreme Court of Utah.

Feb. 14, 1991.

Gary J. Anderson, Michael K. Black, Richard B. Johnson, Orem, for defendants and appellants.

Glen Ellis, Hurricane, for plaintiff and appellee.

HALL, Chief Justice:

Defendant Keith Reed (hereinafter "defendant") appeals the trial court's order and judgment denying a motion to quash

service of summons upon him and the default judgment entered against him.

Plaintiff and defendant were granted a divorce on April 15, 1987, in the Fourth Judicial District Court, Utah County. Under the terms of the divorce, plaintiff was awarded items of personal property, including a travel trailer and a four-wheel-drive pickup truck, neither of which was surrendered to plaintiff in a timely manner. The trailer was eventually returned to plaintiff by defendant's parents, Merrill Reed and Georga Reed, also named defendants in this matter.

On May 8, 1988, in an effort to recover the pickup truck, plaintiff caused the sheriff to serve the subject summons upon defendant and his parents at his parents' home in Orem, Utah, where defendant had resided during the pendency of the divorce. At the time of service, the sheriff was informed by the parents that defendant no longer lived at the residence and that they did not know where he was but thought he was out of the state. The sheriff nevertheless left defendant's copy of the summons at the parents' home and completed a return of service.

On May 25, 1988, defendant appeared specially and filed a motion to quash service. He included with the motion affidavits from himself and his parents stating that he did not live with his parents and that the service of process was not made at his usual place of abode.

Plaintiff filed a counter-affidavit stating that she saw defendant in Provo City, a city next to Orem, on May 7, 1988, the day before service at his parents' home and again on May 12, 1988, a few days after service. In addition, Treasa Norton, the daughter of plaintiff and defendant also executed an affidavit stating that she had seen defendant on April 26, 1988, in the vicinity of Orem some two weeks before service of process.

On August 1, 1988, defendant requested an evidentiary hearing on the issue of service. At the hearing, which was held on September 26, 1988, defendant presented no evidence of his usual place of abode. Plaintiff, however, presented evidence that

defendant had listed his parents' home as his residence on his 1986 and 1987 tax returns in addition to the information contained in the affidavits.

In a ruling dated October 3, 1988, the district court made findings of fact and conclusions of law and denied the motion to quash service. An amended default judgment was subsequently entered against defendant on November 2, 1988, on the action to recover the truck. On August 4, 1989, defendant filed a notice of appeal challenging the October 3, 1988 ruling and the November 2, 1988 judgment.

Two issues are presented on appeal: first, whether the notice of appeal was filed in a timely manner and, second, whether defendant was properly served.

## I. NOTICE OF APPEAL

Plaintiff asserts that the court lacks jurisdiction to hear this appeal because defendant failed to file his notice of appeal in a timely manner. Rule 4 of the Rules of the Utah Supreme Court governs filing of a notice of appeal and states:

(a) Appeal from final judgment and order. In a case in which an appeal is permitted as a matter of right from the district court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. . . .

■ Plaintiff asserts that because the notice of appeal was filed on August 4, 1989, and the amended judgment against defendant was entered on November 2, 1988, the time for filing an appeal had lapsed. Plaintiff misapprehends the procedural posture of this case. Final judgment was not entered against Keith Reed until judgment was entered against the co-defendants, his parents. Utah Rule of Civil Procedure 54(b) states:

(b) Judgment upon multiple claims and/or involving multiple parties. When more than one claim for relief is presented in an action . . . and/or when multiple

parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[1]

It is undisputed that no 54(b) motion was made requesting the court to certify the amended default judgment against Keith Reed as final. Final judgment was entered in favor of Merrill Reed and Georga Reed, the co-defendants, on July 11, 1989.[2] Because the notice of appeal was filed within 30 days of the final judgment, we are not without jurisdiction to hear this appeal.

## II. SERVICE OF PROCESS

Defendant claims that service was defective because the sheriff left the summons at his parents' home and it was not his usual place of abode. Utah Rule of Civil Procedure 4(e)(1) governs service of process and states that service is perfected when made "[u]pon a natural person of the age of 14 years or over, by delivering a copy thereof to him personally, or by leaving such copy at his usual place of abode with some person of suitable age and discretion there residing...."

The determination of "usual place of abode" is a mixed question of law and fact.[3] Here, the district court made explicit findings of fact and conclusions of law in ruling on the motion to quash. The court found, inter alia, that all defendants claimed that Keith Reed no longer lived with his parents; that plaintiff observed Keith Reed on May 7 and May 12 driving in town; that Keith Reed was personally seen by Treasa Norton on April 26 driving the truck in question; that sometime after February 5, 1988, Keith Reed filed his 1987 income tax return indicating his parents' address to also be his address; and that not later than June 8, 1988, Keith Reed became aware of the process served upon his parents on May 8, 1988. However, it is apparent that he became aware of the service sometime prior to May 25, 1988, since he filed a motion to quash service on that day.

The district court's findings of fact are based upon a judgment of the credibility of the witnesses. It is the province of the trier of fact to assess the credibility of witnesses, and we will not second-guess the trial court where there is a reasonable basis to support its findings.[4] In order to challenge the court's findings of fact, the defendant must marshal all of the evidence in favor of the findings and then demonstrate that even when reviewing the evidence in a light most favorable to the court below, the evidence is insufficient to support the findings.[5] Defendant has not shouldered the burden necessary to overturn the findings of the trial court.

The district court's determination of whether, under the facts presented, defendant's parents' home fits within the definition of the usual place of abode is a question of law. When reviewing the district court's conclusions of law, we give no def-

1. Utah R.Civ.P. 54(b).

2. The trial court found that Merrill and Georga Reed had a valid and protectable security interest in the truck.

3. Although we have held that whether a person has been served with process is a question of fact, *Carnes v. Carnes*, 668 P.2d 555, 557 (Utah 1983), whether a person is properly served is a question of law.

4. *See* Utah R.Civ.P. 52(a); *State v. Ashe*, 745 P.2d 1255, 1258 (Utah 1987); *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77, 79 (1964).

5. *See, e.g., Grayson Roper Ltd. v. Finlinson*, 782 P.2d 467, 470 (Utah 1989).

erence to the court but review those conclusions for correctness.[6]

The district court relied on the case of *Grant v. Lawrence*[7] for the definition of "usual place of abode." In *Grant v. Lawrence*, this court stated:

Usual place of abode is sometimes referred to as being synonymous with domicile or permanent residence. In our judgment there is a broad distinction between dimicile [sic] and usual place of abode as the latter term is used in our statute.... That is, where a person abides—lives—at the particular time when the summons is served, constitutes his usual place of abode.[8]

■ Neither party disputes the fact that the sheriff left the summons at the home of defendant's parents and made the required return of service thereon.[9] The sheriff's return of service of process is presumptively correct and is prima facie evidence of the facts stated therein. Stated negatively, the rule is that it is not to be presumed that an officer in serving process failed to discharge his duty.[10] Thus, the burden was upon defendant to prove that service was improper. Indeed, it was defendant who requested the September 26, 1988 evidentiary hearing. At the hearing, defendant had the opportunity to present evidence of his true place of abode, if in fact it differed from that of his parents. This he failed to do. Faced with those facts, the district court concluded that the parents' home was defendant's usual place of abode.

Since the Utah Rules of Civil Procedure were patterned after the federal rules, we may examine federal decisions to determine the meaning of the rules.[11] In *Nowell v. Nowell*,[12] the federal Court of Appeals for the Fifth Circuit construed a similar federal provision and noted:

[N]o hard and fast rule can be fashioned to determine what is or is not a party's "dwelling house or usual place of abode" within the rule's meaning; rather the practicalities of the particular fact situation determine whether service meets the requirements of 4(d)(1).

[T]he provision concerning usual place of abode should be [construed liberally] to effectuate service if actual notice has been received by the defendant and that in the last analysis the question of service must be resolved by "what best serves to give notice to a defendant that he is being served with process, considering the situation from a practical standpoint." [13]

■ We also give the Utah Rules of Civil Procedure liberal construction.[14] Considering the totality of the circumstances—the facts that plaintiff demonstrated defendant's presence in the community, that defendant listed his home address as that of his parents, had resided there during the pendency of the divorce, and failed to show that he lived elsewhere—the district court was justified in concluding that defendant's parents' home was his usual place of abode and that it was, in fact, the place where he lived. In addition, the likelihood of defendant appearing at the place of service in the near future, coupled with the absence of a permanent residence elsewhere, is sufficient to uphold service made at a residence maintained with a member of defendant's family even if defendant is seldom there.[15]

6. *See, e.g., Landes v. Capital City Bank*, 795 P.2d 1127, 1129 (Utah 1990).

7. 37 Utah 450, 108 P. 931 (1910).

8. *Id.* 108 P. at 933.

9. Utah Code Ann. § 17–22–2 (1987).

10. *Carnes*, 668 P.2d at 557; *see also* 62B Am. Jur.2d *Process* § 110 (1990).

11. *See, e.g., Winegar v. Slim Olson, Inc.*, 122 Utah 487, 252 P.2d 205, 207 (Utah 1953).

12. 384 F.2d 951 (5th Cir.1967).

13. *Id.* at 953 (quoting 1 Barron & Holtzoff, *Federal Practice & Procedure* § 177, at 299 (quoting *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942))).

14. Utah R.Civ.P. 1(a).

15. 4A C. Wright & A. Miller, *Federal Practice and Procedures* § 1096, at 76–77 (1987); *see also Skidmore v. Green*, 33 F.Supp. 529, 529–30 (D.C. N.Y.1940); *Capitol Life Ins. Co. v. Rosen*, 69 F.R.D. 83, 87–88 (D.C.Pa.1975).

Defendant having failed to show proper service had not been made upon him, and because he, in fact, had timely notice of the pendency of the proceedings, the trial court did not err in denying the motion to quash.

Affirmed.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.