TRW, INC., Plaintiff,

v.

Mark DERBYSHIRE, Defendant.

No. 94–C–1322.

United States District Court,
D. Colorado.

July 13, 1994.

Daniel E.D. Friesen, Denver, CO, for plaintiff.

Joseph A. Davies, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff TRW, Inc. commenced this action against the defendant, Mark Derbyshire, alleging misappropriation of trade secrets and other various claims. Defendant has filed a motion to quash service of process. Plaintiff opposes that motion.

The issues have been fully briefed and oral argument would not materially assist the decision process. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendant resigned his employment with the plaintiff under suspicious circumstances in March 1994. At his exit interview, the defendant represented that his current forwarding address was "709 Garfield, Fort Collins, Colorado." Accordingly, on June 3, 1994, service of process was made by handing a copy of the complaint and summons to Elizabeth Derbyshire, the defendant's mother, at the above address. Defendant claims that this service of process was inadequate because he does not live with his mother.

Rule 4(e), Fed.R.Civ.P., provides that service of process may be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...."

Defendant represents that he would have waived service if the plaintiff had followed the procedures outlined in Fed.R.Civ.P. 4(d).[1] However, he objects to the service of process as completed because 709 Garfield, despite his representations to the plaintiff, is not his "dwelling house or usual place of abode."

The courts have recognized that "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *National Labor Relations Bd. v. Clark,* 468 F.2d 459, 464 (5th Cir.1972). Thus, when a defendant has received actual notice of the commencement of an action, "the provisions of Rule 4[e] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir.1963); *see also* Fed.R.Civ.P. 1 (stating that the Federal Rules of Civil Procedure should be construed to secure "the just, speedy, and inexpensive determination of every action"). The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction.

Defendant expressly represented that he could be notified of important matters at the Fort Collins address. He continues to maintain that he can be served there, as long as the service is in writing pursuant to Rule 4(d).[2] Defendant has refused to provide the address of his current abode, and has refused to give his counsel authority to accept service on his behalf.[3] Furthermore, this court takes judicial notice of the fact that the defendant's address is not listed in the telephone directory, nor is his telephone number available through directory assistance. Thus, I find and conclude that the defendant has received actual notice of this action and that he is purposely attempting to evade service of process as a means of delaying the inevitable.

1. Rule 4(d) provides, in pertinent part:

"An individual ... that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant...."

2. Presumably the defendant wishes to be notified in writing pursuant to Rule 4(d) because then he has sixty, rather than twenty, days to file an answer to the complaint.

3. It should be noted that the defendant's mother, Mrs. Derbyshire, did not object to accepting service on her son's behalf.

Accordingly IT IS ORDERED that the defendant's motion to quash service of process is denied.