2001 UT 6

## SOUTHLAND CONSTRUCTION, Plaintiff and Appellee,

v.

## Ghazaleh SEMNANI and Khosrow B. Semnani, Defendants and Appellants.

No. 990934.

Supreme Court of Utah.

Jan. 26, 2001.

Randy B. Birch, Heber City, for plaintiff.

Gary A. Weston, D. Scott Crook, Salt Lake City, for defendants.

DURHAM, Justice:

¶ 1 We granted certiorari in this case to review a decision of the court of appeals affirming the trial court's denial of a motion to set aside a default judgment. We reverse.

¶ 2 The issue here is validity of service of summons in the underlying action. The court of appeals correctly observed that the burden of showing invalid service belongs with the defendant, and then relied on the rule that a "sheriff's return of service of process is presumptively correct and is prima facie evidence of the facts stated therein," *Reed v. Reed,* 806 P.2d 1182, 1185 (Utah 1991); *see also* Utah Code Ann. § 17–22–12 (1995), to affirm the trial court. The constable's affidavit of service in this case, however, notwithstanding its presumptive correctness, does not allege facts sufficient to establish service. It reads in pertinent part:

I, David Griffin, . . . received the within and hereto annexed, Summons and Complaint 20 Day on May 20, 1996, and served

the same upon Gazal Semnani Khosrow Semnani a within named Defendant in said article(s) by serving a true copy of said article(s) for the defendant with John Doe (John Doe (refused ID.)) a person of suitable age and discretion there residing at 4346 S. Mulholland St., Salt Lake City his/her usual place of abode. . . .

¶ 3 The plain language of this (admittedly boilerplate) document alleges only that John Doe resided at and was served at his usual place of abode on Mulholland Street. There is no assertion that the defendants so resided or were served, and the affidavit is wholly inadequate to establish proper service pursuant to rule 5 of the Utah Rules of Civil Procedure.

¶ 4 Not only was the affidavit of service defective, but it was countered by an affidavit from Khosrow B. Semnani swearing that he and his wife Ghazaleh have resided at all times since the summer of 1986 at a different address, and have not lived at the Mulholland Street property since 1986, although they continue to own it.

¶ 5 In the face of a constable's affidavit that failed to allege that defendants were either residing or present at the property where service was made, and defendants' affidavit testifying that they resided elsewhere, the trial court abused its discretion in failing to set aside the default judgment, and the court of appeals erred in affirming the denial. Reversed.

¶ 6 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.