CONTINENTAL LIFE INS. & INV. CO. v. JONES
et al.

No. 1744.   Decided December 17, 1906 (88 Pac. 229).

1. APPEAL—FINAL JUDGMENT. Demurrers of the two defendants to the original complaint were sustained, and a demurrer of one of the defendants to the amended complaint was sustained and plaintiff elected to stand on its amended complaint. The court entered an order reciting the sustaining of the demurrer to the amended complaint, and, plaintiff electing to stand thereon, that the "case be, and the same is, hereby dismissed." *Held,* that the judgment was a final judgment of dismissal and appealable.

2. PLEADING—DEMURRER—JURISDICTION. A demurrer for want of jurisdiction of the person raises only the question as to whether defendant is such a person as can be subjected to process and jurisdiction of the court.

3. COURTS—JURISDICTION OF PERSON—MODE OF ACQUISITION. A court having jurisdiction of the subject matter of a suit, acquires jurisdiction of a defendant either by his voluntary appearance or by process served on him.

4. VENUE—JURISDICTION OF PERSON OF DEFENDANT—SERVICE OF PROCESS. The statute provides that the summons and a copy of the complaint may be served where defendant may be found. Obligors in a bond were sued thereon in a county other than the county of their residence and were personally served with summons. *Held,* that the court, as against a demurrer for want of jurisdiction of the person, acquired jurisdiction of the person of defendants irrespective of the question whether the cause of action must be deemed to have arisen where the obligors resided, as they did not contract to perform the conditions of the bond at any particular place.[1]

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by the Continental Life Insurance & Investment Company against Thomas B. Jones and another. From a judgment of dismissal, plaintiff appeals.

REVERSED AND CAUSE REINSTATED.

---

[1] Sanipoli v. Pleasant Valley Coal Co., 31 Utah 114, 86 Pac. 865.

*Henderson, Pierce, Critchlow & Barrette* for appellant.

*G. N. Sullivan* and *A. R. Barnes* for respondents.

APPELLANT'S POINTS.

This is a transitory action and may be brought wherever the defendant can be found. The defendant was found and served in Salt Lake County. (22 Pleadings and Practice, 784, 790; *Snyder v. Pike,* 83 Pac. 692; *Sherman v. Droubay,* 27 Utah 47; *Fields v. Mining Co.,* 26 Utah 373; *Gibbs v. Gibbs,* 26 Utah 382.) This case is maintainable here under section 2931, Rev. Stat. 1898. It is alleged that Castleberry agreed in writing to pay all premiums and all moneys due to said plaintiff at its office in Salt Lake City, Utah, as soon as the same were collected. Here is a written agreement, fixing the place of settlement. The undertaking bound the defendants to see that Castleberry faithfully complied with his contract. A faithful compliance with the contract required Castleberry to settle, in Salt Lake City, Utah. The bond, and the contract which it guarantees, should be construed together as one obligation.

RESPONDENT'S POINTS.

"A decision sustaining or overruling a demurrer is not a judgment under the code." (11 Ency. of Pleading and Practice, p. 830.) We submit, then, that defendant Jones having been once served, the case was not dismissed as to him by the sustaining of his special demurrer. He had been brought within, the jurisdiction of the court by having been served with summons. It is true he had appeared and made objection to this jurisdiction, and his objection had been sustained, but that was not a dismissal of the action. "Jurisdiction over the person of the defendant, once acquired, will continue, and can be lost only by an actual dismissal of the action." (*Healey v. Altman & Company,* 6 Neb. 349; *St. Louis v. Gleason,* 15 Mo. App. 25.) "When a demurrer is filed by one defendant and sustained, the decision operates

only as to the defendant demurring." (6 Ency. of Pleading and Practice, p. 355.) The order of dismissal is not a final judgment, as it is not a dismissal as to defendant Jones. The action is still pending as to defendant Jones. A judgment, to be final, must dispose of the case as to all of the parties. (1 Black on Judgments [2nd Ed.], sec. 23; *Lowell v. Parkinson*, 2 Utah 370; *Irrigation Co. v. Mining Co.*, 14 Utah 155, 46 Pac. 824; *Hagerman v. Moore* [Colo.], 29 Pac. 1014; *Champ v. Kendrick* [Ind.], 30 N. E. 635.) The contract of the sureties, then, was a separate and distinct contract from that of the principal, and as they had not contracted to perform the obligation of the bond at any particular place, they were to perform the obligation at their respective places of residence, as recited in the bond. The cause of action, then, did not arise in Salt Lake county, but arose as to each defendant in his respective county. (*Konold v. Railroad Co.*, 16 Utah 151.) The defendants, by their special demurrers, have claimed their right to have the action brought where the cause of action arose. (*White v. Railroad*, 25 Utah 346, 71 Pac. 593.)

If it is now held by this court, however, that the question as to where transitory actions may be commenced, is to be determined by the rules of common law, in the absence of statutory regulations, then, we submit, that the cause of action in the case at bar arose either in Utah county or Juab county, under section 2931 of the Revised Statutes of Utah 1898.

STRAUP, J.

This is a case brought in the district court of Salt Lake county to recover for an alleged breach of covenants of a bond executed by the defendants to plaintiff. It is alleged in the complaint that the plaintiff was engaged in the business of life insurance, and that it had entered into a contract with one Castleberry to write insurance, and that he was to pay all moneys collected by him to plaintiff at Salt Lake City; that the defendants, one of whom resided in Juab county, and the other in Utah county, executed, at

Salt Lake City, a bond, binding themselves for the faithful performance of the duties of Castleberry, and for the payment of moneys by him to plaintiff; and that Castleberry, in breach of his duties, failed to pay to plaintiff the sum of $800. Summons was served on the defendant Whitmore at Juab county, and on Jones in Utah county. Both appeared and demurred to the complaint on the ground of want of jurisdiction of the person, which demurrers were sustained. The plaintiff filed an amended complaint, which, in substance, was like the original, and issued and served on the defendant Whitmore at Salt Lake county, an alias summons. Whitmore again demurred for want of jurisdiction of the person, which demurrer was also sustained, and the court thereupon made the following order: "The special demurrer of George C. Whitmore, the defendant, having been sustained, and said plaintiff electing to stand on its amended complaint, on motion of Sullivan & Barnes, appearing specially for defendant Whitmore, it is ordered that this case be, and the same is, hereby dismissed." The plaintiff appeals, serving both defendants with notice.

The respondent contends that there is no final judgment from which an appeal can be prosecuted, upon the ground that the case was dismissed only as to Whitmore, but not as to Jones, and that a judgment, to be final, must dispose of the case as to all of the parties. We think that the case was terminated and put out of court as to all the parties. The action itself was terminated and dismissed. The language of the order is "that this case be, and the same is, hereby dismissed." The recitals preceeding the order merely show what it was that moved the court to act, and why the order was made. The demurrers of both defendants to the original complaint, and Whitmore's demurrer to the amended complaint having been sustained, and the plaintiff having elected to stand on its amended complaint; the only appropriate order that could be made in the premises was a dismissal of the case. We see no force to the argument that the case is still pending as to Jones. We think the judgment is final and appealable.

We are also of the opinion that the court erred in sustaining the demurrers. There is nothing appearing on the face of the complaints from which it can be said that the defendants were not subject to the process and jurisdiction of the court. A demurrer for want of jurisdiction of the person raises only the question as to whether the defendant is such a person as can be subjected to the process and jurisdiction of the court. The court having jurisdiction of the subject-matter acquires jurisdiction of a defendant either by his voluntary appearance or by process served upon him. The statute provides that the summons and a copy of the complaint may be served "where the defendant may be found." The argument made that, the defendants not having contracted to perform their obligation at any particular place, the cause of action must be deemed to have arisen where they reside, and therefore the action could not rightfully have been commenced in Salt Lake county, is pertinent to the question of jurisdiction of subject-matter, not of person, and is fully answered in the case of *Sanipoli v. Pleasant Valley Coal Company*, 31 Utah 114, 86 Pac. 865.

The judgment of the court below is therefore reversed, the case reinstated, the court directed to overrule the demurrers, and to proceed with the case in accordance with the views herein expressed. Costs are awarded to appellant.

McCARTY, C. J., and FRICK, J., concur.