Jack H. PITTS and Sandra J. Pitts, Plaintiffs and Appellants,

v.

Kimberly B. McLACHLAN and Craig McLachlan, Defendants and Respondents.

No. 15010.

Supreme Court of Utah.

July 18, 1977.

11. Both the note and mortgage provide for payment of attorney's fees if suit were brought for collection of the debt.

Richard L. Bird, Jr., of Richards, Bird & Kump, Salt Lake City, for plaintiffs-appellants.

David M. Bown, Stephen R. McCaughey, Salt Lake City, for defendants-respondents.

HENRIOD, Retired Justice:

Appeal from a January 18, 1977, order denying relief from a summary judgment dated May 6, 1976, when defendants had defaulted, indicating that they did not desire to contest the motion. The judgment was in favor of plaintiffs and against both defendants, Kimberly and Craig McLachlan. Affirmed, with costs to defendants.

The chronology of this case, reflected in the pleadings (where no testimony or other discovery process was employed), may be canvassed briefly as follows:

On October 7, 1975, a Uniform Real Estate Contract was executed by the sellers and the buyer Kimberly named above. Craig was a signer along with Kimberly,— in a capacity no one could determine from the record, except, perhaps, by speculation attendant to the fact that he was not named specifically as a buyer. It was the type of contract that may be treated as a mortgage at the option of the seller, when and if the buyer defaults in its terms. The plaintiffs chose that procedure and foreclosed against the McLachlans and obtained a summary judgment against both jointly, as of May 6, 1976, for the amount due, costs, etc. The property then appeared as of record in the names of Kimberly B. and Craig McLachlan (as evidenced later in the Sheriff's documents at execution sale).

At this juncture plaintiffs duly caused an execution sale to be had, and they, as any other bidders could have done, bid the entire amount of their judgment, became the purchasers thereof and the record owners. On December 8, 1976, for reasons stated therein, plaintiffs filed a "Motion for Relief From Summary Judgment." They said 1) that Craig signed the contract as "an additional party bound," whatever that means or portends; that 2) at the time of summary judgment, *plaintiffs were not aware of the existence of judgment creditors of Craig McLachlan;*[1] that 3) one such creditor already had sued Craig as a title holder of the property; that 4) the execution sale be set aside *"to give the defendants additional time in which to complete performance of the contract and obtain title in the*

---

1. This appears to be the gravamen of plaintiffs' motion and subsequent appeal.

*name of Kimberly B. McLachlan;*"[2] —which gratuity, in light of defendants' non-joinder and silence, almost obviously would reflect some degree of unpalatability on the part of defendants for reopening this case,—neither solicited nor urged by them. Nor have they resisted the denial of the court, nor objected to it after its entry.

Plaintiffs say (1) That their motion is not subject to Rule 60(b)(1), Utah Rules of Civil Procedure, having to do with relief from a judgment because of "mistake," which plaintiffs synonymize with but choose to call an inadvertence;" (2) That the execution sale did not preclude relief to plaintiffs, and (3) That Rule 60(b)(7) should control here.

■ As to (1): Rule 60(b)(1): Counsel insists that even though no motion for relief was made within three months after judgment (as is required in case of mistake, which we suggest comes pretty close to plaintiffs' concession in their motion that they were "not aware of the existence of judgment creditors of Craig McLachlan"), the rule is not the exclusive remedy, where "inadvertence" is one factor. Any attempt to differentiate between "mistake" and "inadvertence" seems not to be germane,—especially where plaintiffs here presume to be acting in behalf of their adversaries' interests,—in carrying out a contract defendants failed to keep, and where apparently they forfeited a sizeable sum by the forced foreclosure action of the plaintiffs, who understandably appear to regret having pursued.

■ We think the Chancellery may not be the appropriate place to seek redress for one's own admitted "mistake" or "inadvertence," as you wish. Particularly is this true where, before taking the legal action which plaintiffs pursued, reasonably, quickly and easily they possibly may have saved this litigation by a check under the recording statutes, to discover whether there were any existing judgments against the McLachlans, which now seem to plague the plain-

tiffs. Such easy access to the information, significantly seems to have been demonstrated by a letter appearing in the record, dated November 18, 1976,—just two days after the execution sale, addressed to and apparently solicited by counsel for plaintiffs, listing six subsisting judgments against Craig McLachlan and one against Kimberly McLachlan. The motion for relief from the judgment followed about three weeks later on December 8, 1976.

The thrust of plaintiffs' argument for relief from the judgment, is that, in addition to 1) a conceded "inadvertence," 2) a judgment creditor filed an action against Craig, 3) that modifying the judgment "would give defendants additional time in which to perform the contract," 4) would avoid a windfall to defendants and their judgment creditors at the expense of plaintiffs, 5) "would give performance of the contract in the manner contemplated by the parties," and 6) would lead to multiplicity of actions.

■ In their brief it is stated that "Plaintiffs submit that these are reasons *independent* or partly independent of the 'inadvertence' in not discovering the judgment creditors of Craig McLachlan." This is the basis of plaintiffs' contention that Rule 60(b)(1) is not an exclusive "remedy," with the resulting alternate contention that Rule 60(b)(7), the sort of omnibus section, should control. Under the circumstances of this case our seemingly inescapable answer is that such reasons are really not independent equitable reasons for relief but are in the nature of self-serving statements, unsupported either by equitable principles, or by any substantial authority, and not by any cited by the movants in their brief. We so hold in affirming the trial court. It seems inescapable, also, to conclude that Rule 60(b)(1) is applicable here in the letter and spirit of rules governing procedure and practice and the doctrine of the exercise of diligence in the presentation of one's rights, failing

---

**2.** This seems to be sort of a "Speak for yourself, John" tribute to unreality, since neither of the defendants joined with or subscribed to such an unusual ratio decidendi, filed no plead-

ing agreeing therewith, has not suggested that there was any mutual mistake justifying the relief prayed, but by silence has negated it.

which they are amenable to a limitations statutory feature looking to repose of litigation after a reasonable time, interdicted here to be three months under Rule 60(b)(1).

In emphasizing the urgence that Rule 60(b)(7) should prevail, plaintiffs say the summary judgment, if it were a transfer of title at all, would be to Kimberly alone. This result might have been accomplished by plaintiffs' pleading it that way, and in asking for separate judgments against Kimberly and Craig, but plaintiffs themselves chose not to pursue such course, seeking and obtaining a joint and several judgment against both, with the same liability,—not one responsible as buyer and the other responsible in an undefined capacity about which plaintiffs might have been more specific. It would seem to be inequitable now, under such circumstances, in this suit and between these parties to change roles and rules of the already adjudicated judgment between them, to one as principal and the other as guarantor so as to relieve plaintiffs of a proposed and created relationship, the result of which virtually would be changing the facts on a motion without benefit of a trial to take evidence. In this case such a course would not be possible, since there remains no adversary proceeding because defendants previously have accepted the very judgment that the plaintiffs asked the court to sign.

As to plaintiffs' point (2) on the appeal: That the execution sale did not preclude relief for the plaintiffs: Plaintiffs cite Rule 69(g)(2) permitting revival of a judgment to obtain property one did not get at a sale, because of invalidity of the sale. This approach by plaintiffs is not germane here, where plaintiffs *did* get the property, but want a modification of the judgment in a way so as to be inoculated against possible claimants other than the litigants here. No dispositive authority is presented by plaintiffs on this point on appeal.

We feel that the circumstances in this case amply support the judgment of the trial court, as to the facts and relationship of the parties inter se. We express no opinion as to the rights of plaintiffs and defendants and third parties in any other litigation, but are convinced that Rule 60(b)(1) is dispositive here, and that the circumstances prevailing in the instant case are not a subject for relief under 60(b)(7).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

CROCKETT, J., does not participate herein.