Mavor Jean CARNES, Plaintiff
and Respondent,

v.

Cliff CARNES, Defendant and Appellant.

No. 18370.

Supreme Court of Utah.

July 19, 1983.

---

Edward K. Brass, Salt Lake City, for defendant and appellant.

Paul H. Proctor, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from a summary judgment granted in favor of the respondent Mavor Jean Carnes and against the appellant Cliff Carnes. The summary judgment enforces a Final Judgment For Support Arrearage rendered by a Florida court. We reverse.

On August 4, 1978, the Eighteenth Judicial Circuit Court of Florida entered a judgment divorcing the parties. The decree required the appellant to pay alimony to the respondent. On November 17, 1980, the Florida circuit court entered a judgment for $5,640.05 against the appellant for alimony arrearages.

On April 28, 1981, the respondent filed this suit in Utah against the appellant, seeking to enforce the Florida judgment. The appellant filed an Answer in which he denied most of the allegations in the respondent's complaint, including the allegation that the Florida circuit court had personal jurisdiction to enter the decree for arrearages. On August 26, 1981, the respondent filed a Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Utah Rules of Civil Procedure. On September 15, 1981, the trial court entered an order on the respondent's motion which stated that: (1) there was "no conclusive evidence in the file that the [appellant] was served in the Florida action ... with that motion for a judgment on support arrearag-

es and a notice of the hearing," and (2) "[i]f such proof of service of process is produced by the [respondent], then the [respondent's] motion for judgment on the pleadings shall be granted ...."

On January 22, 1982, the respondent renewed her Motion for Judgment on the Pleadings and attached to that motion the affidavit of Grant Peterson attesting to service of process on the appellant. The affidavit is dated May 22, 1981, and states that Grant Peterson personally served the appellant with the Motion and Notice of Hearing on October 22, 1980, at 1554 West 8155 South # 73 in Salt Lake County. This affidavit was filed with the Florida circuit court on November 20, 1981, more than one year *after* the entry of the Final Judgment For Support Arrearage. On February 16, 1982, the respondent filed another affidavit of Grant M. Peterson, in which Mr. Peterson attested that he personally served the appellant with the Motion and Notice of Hearing on October 22, 1980, at "Hercules, Bacchus Works, [at] 4950 South 8400 West" in Salt Lake County.

On February 25, 1982, the appellant filed an opposing affidavit in which he stated: (1) that he never resided at 1554 West 8155 South # 73, (2) that "[d]uring the work week of October 20th through October 24th, I [the appellant] was on vacation from work and out of town," and (3) that the appellant was "never served at any time or place with notice of the Florida proceedings."

On March 5, 1982, the trial court entered judgment for the respondent on her Motion for Judgment on the Pleadings. On appeal, the appellant claims that the trial court erred in granting that judgment because there exists a genuine issue of material fact as to whether he was validly served in the Florida action.

█ Preliminarily, we note that Rule 12(c) of the Utah Rules of Civil Procedure provides:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ....

Utah R.Civ.P. 12(c). By considering the affidavits of Grant Peterson and the affidavit of Cliff Carnes, the trial court properly treated the plaintiff's motion under Rule 12(c) as one for summary judgment under Rule 56. *See id. See also Strand v. Associated Students of the University of Utah,* Utah, 561 P.2d 191 (1977); 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.15, at 2342–50 (2d ed. 1983). Thus, for the trial court to grant the respondent's motion and for this Court to affirm that ruling, the pleadings and affidavits in the present case must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c).

Whether the appellant has been served with process is a question of fact. *See Winky's, Inc. v. Francis,* Fla.Dist.Ct. App., 229 So.2d 903, 906 (1970). That question of fact is material to the disposition of the present case because it determines whether the Florida circuit court had personal jurisdiction over the appellant to render the Final Judgment For Support Arrearage. *See Callaghan v. Callaghan,* Fla. Dist.Ct.App., 337 So.2d 986 (1976); *Klosenski v. Flaherty,* Fla., 116 So.2d 767 (1960). *Accord Martin v. Nelson, Jr.,* Utah, 533 P.2d 897 (1975); *Utah Sand & Gravel Products Corp. v. Tolbert,* 16 Utah 2d 407, 402 P.2d 703 (1965); *Continental Life Insurance & Investment Co. v. Jones,* 31 Utah 403, 88 P. 229 (1906). Although a sheriff's return of service of process is presumptively correct and is prima facie evidence of the facts stated therein, the invalidity or absence of service of process can be shown by clear and convincing evidence. *See King v. Insurance Company of North America,* Fla.Dist.Ct. App., 426 So.2d 1302 (1983). *Accord* U.C.A., 1953, § 17–22–12. However, to preclude the granting of summary judgment in the present case, the appellant needs only to show that there is a genuine issue of material fact as to whether he was served. *See* Utah R.Civ.P. 56(c). *See also, e.g., Schaer v. State,* Utah, 657 P.2d 1337 (1983); *Bowen v. Riverton City,* Utah, 656 P.2d 434 (1982).

As demonstrated above, the two affidavits of Grant Peterson are mutually contradictory with respect to the location of service of process. In addition, they are in direct conflict with the appellant's affidavit, in which he denies that he was ever served and, in fact, asserts that he was out of town on the date that he was purportedly served. The affidavits raise a genuine issue of material fact, and the appellant is entitled to a trial thereon. Thus, the trial court's granting of the respondent's motion for summary judgment was in error.

We reverse the judgment of the trial court and remand this case for a determination, after a hearing, of whether the appellant was validly served with respect to the Florida circuit court's Final Judgment For Support Arrearages. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.