**LINCOLN BENEFIT LIFE INSURANCE COMPANY; and Allstate Life Insurance Company, Plaintiffs and Appellees,**

v.

**D.T. SOUTHERN PROPERTIES; James E. Hogle, Jr.; and Cornelius J. Versteeg, Defendants and Appellants.**

No. 910366–CA.

Court of Appeals of Utah.

Sept. 23, 1992.

Robert Felton and Harold R. Stephens, Salt Lake City, for defendants and appellants.

Clark W. Sessions and Michael T. Roberts, Salt Lake City, for plaintiffs and appellees.

Before BENCH, BILLINGS and GARFF, JJ.

## OPINION

GARFF, Judge:

Defendants D.T. Southern Properties (DTSP) and James E. Hogle, Jr., appeal the trial court's refusal to set aside a default judgment entered against them in favor of plaintiffs, Lincoln Benefit Life Insurance Company (Lincoln) and Allstate Life Insurance Company (Allstate). Pursuant to Rule 5, Utah Rules of Appellate Procedure, we granted permission to appeal the court's interlocutory order denying the motion to set aside the default judgment. For the reasons stated below, we affirm.

The facts, which are undisputed, are drawn from the record. On September 30, 1986, DTSP, a Utah general partnership, executed and delivered a promissory note for $450,000.00 to Surety Life Insurance Company, the predecessor in interest to Lincoln and Allstate. The general partners who personally executed the note included Hogle, Cornelius J. Versteeg, Dennis W. Gay, and Antonius Versteeg. As part of the transaction, DTSP, through the same general partners, executed a deed of trust as security for payment of the note. In addition, Hogle and Cornelius J. Versteeg executed a guaranty agreement in which they guaranteed payment of the note.

The partnership failed to make payments on the note, and a notice of default and election to sell the trust property was filed. The trustee subsequently gave notice of sale of the trust property, but the sale was cancelled after DTSP filed for protection under Chapter 11 of the United States Bankruptcy Code. In June 1989, the bankruptcy court dismissed DTSP's Chapter 11 case for failure to pay certain fees, failure to file a plan of reorganization and a disclosure statement, and failure to file financial reports.

The trustee again gave notice of sale of the property, and at the trustee's sale on October 16, 1989, Allstate, the highest bidder, purchased the property for $500,-000.00. Apparently, that same day, DTSP sued to enjoin the sale and obtained a temporary restraining order (TRO) to stop the sale. However, DTSP failed to serve the TRO prior to the sale. Thereafter, DTSP did not pursue the lawsuit for an injunction.

On January 22, 1990, Lincoln and Allstate sued DTSP, Hogle, and Cornelius J. Versteeg, by amended complaint, seeking to recover a deficiency judgment pursuant to Utah Code Ann. § 57-1-32 (1990), and seeking to recover from Hogle and Versteeg based on the guaranty agreement. On January 23, 1990, Hogle and Gay, the registered agent of DTSP, were personally served with a copy of the amended complaint.

Versteeg filed an answer to the amended complaint on February 8, 1990. Neither DTSP nor Hogle, however, filed an answer to the amended complaint. On February 23, 1990, the clerk of the court entered default against DTSP and Hogle, and the court entered judgment by default against them on May 29, 1990.

On July 16, 1990, the court signed an order in supplemental proceedings requiring Hogle to appear on July 20, 1990, both individually and on behalf of DTSP, to answer concerning his property and the property of DTSP. Hogle was personally served with a copy of the order on July 18, 1990. At the request of Harold Stephens, attorney for DTSP and Hogle, the supplemental proceedings were continued to August 3, 1990. Neither Hogle nor his attorney appeared on August 3, 1990. The supplemental proceedings were continued to August 20, 1990. Again, neither Hogle nor his attorney appeared.

On August 21, 1990, the court signed a second order in supplemental proceedings requiring Hogle to appear before the court on September 11, 1990, both individually and on behalf of DTSP, to answer concerning his property and the property of DTSP. Hogle was personally served with a copy of the order on August 27, 1990. Because Hogle failed to comply with the order, the court, on September 11, 1990, directed the clerk of the court to issue a bench warrant for Hogle, with which he was personally served. Hogle again did not appear. On October 29, 1990, the court issued a bench warrant for Hogle to appear before the

court on November 14, 1990. The bench warrant, however, was recalled because it was not timely served.

On November 30, 1990, Hogle, through his attorney, Mr. Stephens, filed a motion to set aside the default judgment. Hogle subsequently discharged Mr. Stephens as his attorney and retained Robert Felton as his new attorney of record. Mr. Felton filed a notice of appearance of counsel on December 4, 1990. On December 6, 1990, Hogle, through his new attorney, filed an amended motion to set aside the default judgment pursuant to Utah Rule of Civil Procedure 60(b)(7).

By affidavit attached to the amended motion, Hogle claimed he delivered the amended complaint to his former attorney, Mr. Stephens, who informed him that he would handle the matter. According to Hogle, Mr. Stephens told him in April 1990, that an answer to the amended complaint had been filed. Hogle further claimed, by way of his affidavit, that upon receiving the court's orders in supplemental proceedings, he immediately contacted Mr. Stephens, who assured him that he would take care of the matter. Finally, Hogle claimed in the affidavit that he relied on the professional skills of Mr. Stephens throughout this case.

The court, on February 19, 1991, heard oral argument on the motion to set aside the default judgment, after which it took the matter under advisement. On March 1, 1991, the court issued a memorandum decision denying the motion. In its ruling, the court concluded that the grounds asserted for setting aside the default judgment "fall within Rule 60(b)(1), and the Motion was not made within the time required by that Rule." The court also determined, in view of the surrounding circumstances, that Hogle was negligent in continuing to rely on his attorney throughout the case. On March 28, 1991, the court entered an order denying the motion to set aside the default judgment. DTSP and Hogle filed a notice of appeal on April 18, 1991.

DTSP and Hogle claim that their failure to file an answer or responsive pleading to the amended complaint was due solely to the negligence of their attorney, and that their attorney misrepresented to them that an answer had been filed. These circumstances, they contend, provide grounds for relief from the default judgment under subsection (7), rather than subsection (1) of Rule 60(b).

Rule 60(b), Utah Rules of Civil Procedure, provides in relevant part:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reason[ ] (1) ... not more than 3 months after the judgment, order, or proceeding was entered or taken.

■ The trial court's determination that the motion to set aside the default judgment constituted a Rule 60(b)(1) motion rather than a Rule 60(b)(7) motion is a conclusion of law. *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah App.1991). Consequently, we accord it no particular deference and review it for correctness. *Grayson Roper Ltd. Partnership v. Finlinson*, 782 P.2d 467, 470 (Utah 1989); *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985).

■ As the residuary clause of Rule 60(b), subsection (7) embodies three requirements for relief: "First, that the reason be one *other* than those listed in subdivisions (1) through (6); second, that the reason justify relief; and third, that the motion be made within a reasonable time." *Laub v. South Cent. Utah Tel. Ass'n*, 657 P.2d 1304, 1306–07 (Utah 1982). Subsection (7) " 'should be very cautiously and sparingly invoked by the Court only in unusual and exceptional instances.' " *Id.* at 1307–08 (quoting *Hughes v. Sanders*, 287 F.Supp. 332, 334 (E.D.Okla.1968)). Furthermore, subsection (7) may not be employed for relief when the grounds asserted are encompassed within subsection (1). *Larsen v. Collina*, 684 P.2d 52, 54 (Utah 1984); *Russell v. Martell*, 681 P.2d 1193,

1195 (Utah 1984). Otherwise, the three-month time limitation for filing motions pursuant to subsection (1) would be circumvented. *Russell*, 681 P.2d at 1195; *Laub*, 657 P.2d at 1308.

 The reasons asserted by DTSP and Hogle for setting aside the default judgment, namely, that their attorney neglected to file an answer and that Hogle mistakenly relied on his attorney's assurances that an answer had been filed, fall within Rule 60(b)(1), which allows for relief when the judgment has been entered because of "mistake, inadvertence, surprise, or excusable neglect." *Cf. Laub*, 657 P.2d at 1308 ("This failure to act seasonably [through defendant's own mistake or neglect] falls more accurately under subdivision (1) of rule 60(b)."); *Pitts v. McLachlan*, 567 P.2d 171, 173–74 (Utah 1977) (Rule 60(b)(1) held to be dispositive when the issue is whether due diligence was exercised in presenting one's rights). Therefore, the trial court correctly concluded that the grounds asserted for relief fall within subsection (1).

Because the grounds asserted for setting aside the default judgment fall within subsection (1) of Rule 60(b), the three-month time limitation for filing a motion is applicable. In the instant case, Hogle filed the motion to set aside the default judgment on November 30, 1990, six months after the default judgment had been entered. Thus, the motion was untimely. We therefore affirm the trial court's refusal to set aside the default judgment.

 DTSP and Hogle argue that the failure of Lincoln and Allstate to mail a copy of the default judgment, as required by Utah Rules of Civil Procedure 58A(d) and 5(a) as well as Rule 4–504(4), Utah Rules of Judicial Administration, impaired their ability to timely challenge the default judgment. Although Lincoln and Allstate apparently concede the failure to give notice, such a failure does not invalidate the default judgment.[1] *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 751 (Utah App. 1990) (citing *Mountain States Tel. & Tel.*

*v. Sohm*, 755 P.2d 155, 157 (Utah 1988)). Moreover, "the failure to give the required notice is an important factor in determining the timeliness of post-judgment proceedings, where an exact time limit is *not* prescribed." *Workman*, 802 P.2d at 751 (emphasis added). Notwithstanding the argument that Lincoln and Allstate failed to give notice, Hogle received notice of the default judgment on July 18, 1990, when he was personally served with the court's order in supplemental proceedings. This notice, which Hogle received approximately seven weeks after the court entered default judgment, provided him adequate opportunity to timely move to set aside the default judgment.

In sum, the trial court correctly concluded that the grounds of DTSP's and Hogle's motion to set aside the default judgment constituted a Rule 60(b)(1) motion, and the court did not abuse its discretion in denying such motion. Accordingly, we affirm.

BENCH and BILLINGS, JJ., concur.

---

1. Utah Rule of Civil Procedure 58A(c) states that "[a] judgment is complete and shall be deemed entered for all purposes, except the creation of a lien on real property, when the same is signed and filed as herein above provided."