1999 UT App 088

### CLASSIC CABINETS, INC., a Utah corporation, Plaintiff and Appellee,

v.

### ALL AMERICAN LIFE INSURANCE COMPANY dba U.S. Life, a New Jersey corporation; Midland National Life Insurance Co., a joint stock corporation; Liberty Life Insurance Co., a South Carolina corporation; and Leon J. Munyan and Kathy L. Munyan dba Munyan & Associates, Defendants and Appellants.

No. 981088–CA.

Court of Appeals of Utah.

March 18, 1999.

---

Gregory M. Simonsen and Merrill F. Nelson, Salt Lake City, for Appellants.

Chris L. Schmutz, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Defendant All American Life Insurance Company (All American) appeals the trial court's denial of its Rule 60(b) motion to set aside a default judgment, arguing the trial court lacked personal jurisdiction over it because of deficient service of process. All American also appeals the trial court's award of attorney fees to plaintiff Classic Cabinets, Inc. (Classic). We affirm in part and reverse in part.

## FACTS

¶ 2 All American is an Illinois corporation doing business in Utah. Pursuant to statute, All American designated CT Corporation System (CT Corp.) as its registered agent. *See* Utah Code Ann. § 16–10a–1508 (1995) (requiring every foreign corporation doing business in Utah to maintain registered agent in this state). Classic filed suit against All American, among other defendants not relevant here, in the Third District Court. Classic then delivered to a Salt Lake County constable the summons and complaint to be served upon All American and another defendant, Liberty Life Insurance Corporation, at CT Corp., the designated agent for service of process for both defendants. *See id.* § 16–10a–1511.

¶ 3 The parties dispute what transpired regarding the actual service of process. The constable states he served the summons and complaint directed to All American upon CT Corp., personally handing it to Michelle

Rehrman, an employee of CT Corp. The constable then stamped the return copy of the summons and wrote Michelle Rehrman's name on the stamp, which was his normal practice. The constable prepared an Affidavit of Service that same day, stating under oath that he delivered the summons and complaint to Michelle Rehrman at CT Corp. The Affidavit of Service and the return copy of the summons were filed with the trial court six days later.

¶4 In opposition, All American alleges the constable never served the summons and complaint upon CT Corp. Consequently, All American did not answer Classic's complaint and a default judgment was entered against All American on February 27, 1996. A Notice of Entry of Default Judgment, along with a copy of the Default Judgment, was forwarded to CT Corp. on March 11, 1996. CT Corp. received these documents, but returned them to Classic with a letter stating, in pertinent part, "The documents failed to note which party is being served, therefore we are unable to forward the documents to the proper party." [1]

¶5 All American asserts it was unaware of the default judgment until July 7, 1997, when Classic phoned All American to ask when Classic should expect payment on the judgment. On September 8, 1997, All American filed a motion to set aside the default judgment, seeking relief under Rule 60(b) of the Utah Rules of Civil Procedure. All American argued that relief was warranted because (1) CT Corp. had no record of receiving the summons and complaint; (2) even if CT Corp. had received the summons and complaint, it was never forwarded to All American; and (3) the judgment was for a substantial amount of money and, therefore, the judgment should be set aside and All American allowed to address the merits of the case.

¶6 In support of its motion, All American submitted the affidavits of J.W. Dewbre, an employee of All American, and Sandy Streeper, an employee of CT Corp. Dewbre stated that All American had no record of ever receiving the summons and complaint from CT Corp. Streeper stated that, after searching CT Corp.'s database, she "found no record that our office had been served on behalf of All American Insurance Company." All American did not submit an affidavit from Michelle Rehrman.

¶7 Classic responded, arguing All American's motion to set aside should be denied because (1) All American was properly served; and (2) there were no grounds under Rule 60(b) warranting relief from the default judgment. In support of its motion, Classic submitted an affidavit from the constable who had served the All American summons and complaint upon CT Corp. The constable recited his normal practice and procedure when he serves a summons and complaint upon a party, i.e., the return summons is stamped and the information written down regarding to whom he delivered the summons and complaint; the date and time of service are noted on the copy of the summons left with the person accepting service. Here, the name of Michelle Rehrman, the CT Corp. employee to whom he delivered the summons and complaint, was noted on the return summons.

¶8 Without a hearing, which neither party requested, the trial court denied All American's motion to set aside the default judgment. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶9 The issues before this court amount to whether the trial court erred by denying All American's Rule 60(b) motion to set aside the default judgment.

"A denial of a motion to vacate a judgment under rule 60(b) is ordinarily reversed only for an abuse of discretion. However, when a motion to vacate a judgment is based on a claim of lack of jurisdiction, the district court has no discretion: if jurisdiction is lacking, the judgment cannot stand without denying due process to the one against whom it runs. Therefore, the propriety of

---

1. The first sentence of the Notice of Entry of Default Judgment sent to CT Corp. provided, "PLEASE TAKE NOTICE that Default Judgment was entered in favor of Plaintiff Classic Cabinets, Inc., *and against Defendant All American Life Insurance Company dba U.S. Life, on February 27, 1996."* (Emphasis added.)

the jurisdictional determination, and hence the decision not to vacate, becomes a question of law upon which we do not defer to the district court."

*Bonneville Billing v. Whatley,* 949 P.2d 768, 771 (Utah Ct.App.1997) (quoting *State Dep't of Soc. Servs. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989) (other citations omitted)).

## ANALYSIS

### 1. Rule 60(b)(4)

¶ 10 All American first argues the default judgment should be set aside under Rule 60(b)(4)[2] of the Utah Rules of Civil Procedure because the judgment is void for lack of jurisdiction. All American maintains that it was not properly served because its registered agent, CT Corp., asserts it did not receive the summons and complaint.

■ ¶ 11 "Although a sheriff's return of service of process is presumptively correct and is prima facie evidence of the facts stated therein, the invalidity or absence of service of process can be shown by clear and convincing evidence." *Carnes v. Carnes,* 668 P.2d 555, 557 (Utah 1983); *see also* Utah Code Ann. § 17–22–12 (1995) ("The return of the sheriff upon process or notice is prima facie evidence of the facts in such return stated."); *Reed v. Reed,* 806 P.2d 1182, 1185 (Utah 1991) ("The sheriff's return of service of process is presumptively correct and is prima facie evidence of the facts stated therein."). All American argues, however, that because a constable, rather than a sheriff, effectuated service in this case, the presumption does not apply. This is so, contends All American, because "a mere constable ... earns his livelihood from the collection of service fees ... and therefore has an inherent conflict of interest in any dispute over service." Sheriff's deputies, however, are also paid, albeit indirectly, for serving process. *See* Utah Code Ann. § 21–2–4 (1998). We refuse to indulge the proposition that a constable would deliberately falsify a return and related affidavits to protect a service fee.

¶ 12 Additionally, a sheriff, peace officer, constable, or any other process server who falsifies a return of service is subject to the same criminal charges. *See* Utah Code Ann. § 78–12a–4 (1996) ("It is a class A misdemeanor for a person serving process to falsify a return of service."). Thus, sheriffs and constables are held to the same standard of criminal accountability regarding proper service of process. We therefore decline to trivialize the importance of a "mere" constable's role in conducting service of process and, in effect, hold a constable to a different standard of proof regarding service of process than a sheriff. We accordingly hold that a constable's return of service is entitled to the same deference as a sheriff's, and further hold that the constable's Affidavit of Service is prima facie evidence of proper service of process and is deemed presumptively correct. *See* Utah R. Civ. P. 4(h)(1) (stating "Manner of Proof" of service of process by constable is filing "certificate with a statement as to the date, place and manner of service").

■ ¶ 13 Because the constable here filed an Affidavit of Service with the trial court swearing under oath that he served CT Corp. with a summons and complaint directed to All American, and we presume the correctness of the constable's Affidavit of Service, the burden then shifts to All American to prove, by clear and convincing evidence, that service was improper. *See Skanchy v. Calcados Ortope SA,* 952 P.2d 1071, 1074–75 (Utah 1998) (stating defendant "had the burden of showing that the service was invalid"); *Carnes,* 668 P.2d at 557. Here, the trial court had before it the returned summons with Michelle Rehrman's name on it, the constable's Affidavit of Service completed the day service of process was completed upon CT Corp., and the constable's later affidavit stating he served the proper summons and complaint on CT Corp. All American offered the affidavit of both a CT Corp. employee and an All American employee stating that neither had any record of receiving the summons and complaint. All American did not offer anything from, for example, Michelle

---

2. Rule 60(b)(4) provides, "On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void." Utah R. Civ. P. 60(b)(4).

Rehrman regarding her normal practice and procedure at CT Corp. when she received a summons and complaint on behalf of another company. Thus, while "the invalidity or absence of service of process can be shown by clear and convincing evidence," *Carnes,* 668 P.2d at 557, we cannot say the evidence submitted by All American squarely met the constable's return and affidavits, let alone amounted to evidence sufficiently "clear and convincing" to overcome the presumption of correctness of the constable's return of service. Accordingly, the trial court did not err in ruling that service of process was proper and, therefore, jurisdiction over All American was proper.

### 2. Rule 60(b)(6)

¶ 14 All American alternatively argues that if the default motion is not set aside under Rule 60(b)(4), then it should be vacated under Rule 60(b)(6), which allows relief for "any other reason justifying relief from the operation of the judgment." Utah R. Civ. P. 60(b)(6). "As the residuary clause of Rule 60(b), subsection [ (6) ][3] embodies three requirements for relief: 'First, that the reason be one *other* than those listed in subdivisions (1) through [ (5) ]; second, that the reason justify relief; and third, that the motion be made within a reasonable time.'" *Lincoln Benefit Life Ins. v. D.T.S. Properties,* 838 P.2d 672, 674 (Utah Ct.App.1992) (quoting *Laub v. South Cent. Utah Tel. Ass'n,* 657 P.2d 1304, 1306–07 (Utah 1982)). "[S]ubsection [ (6) ] may not be employed for relief when the grounds asserted are encompassed within subsection (1). Otherwise, the three-month time limitation for filing motions

pursuant to subsection (1) would be circumvented." *Id.* at 674–75.

¶ 15 Because we have affirmed the trial court's ruling that service of process was proper, the substance of All American's reason justifying relief under subsection (6) of Rule 60(b) is that CT Corp. failed to properly forward the summons and complaint and, therefore, "All American is not at fault." This reason falls squarely under subsection (1) of Rule 60(b), which allows relief when there is "mistake, inadvertence, surprise, or excusable neglect."[4] Utah R. Civ. P. 60(b)(1). Therefore, the three-month time limit applies. *See* Utah R. Civ. P. 60(b) (stating for subsection (1) of Rule 60(b), motion must be made "not more than 3 months after the judgment ... was entered"). Because All American's motion to set aside the default judgment was filed long after the three-month time limit expired, its motion was untimely.

¶ 16 For the above reasons, we affirm the trial court's denial of All American's Rule 60(b) motion to set aside the default judgment.[5]

### 3. Attorney Fees

¶ 17 All American also appeals the trial court's award of attorney fees to Classic. Both parties agree that All American did not object below to the attorney fees award. However, relief may still be appropriate if plain error occurred. To prevail under a plain error analysis, an error must have occurred, that error should have been apparent to the trial court, and the error must be harmful. *See Larsen v. Johnson,* 958 P.2d 953, 956 (Utah Ct.App.1998).

3. Rule 60(b) was amended in April 1998, renumbering subsection (7) to subsection (6).

4. Indeed, All American characterized it below as a "mistake or inadvertence of C.T. Corporation."

5. Based on our disposition, we do not reach the subissues raised that All American has a meritorious defense, or that All American is entitled to an evidentiary hearing on the issue of service of process. Furthermore, although All American briefly references the fact that the constable did not insert the necessary information on the affidavit of service as required by Utah Code Ann. § 78–12a–2(3) (1996) ("A person serving process shall legibly document the date and time of ser-

vice and his name and address on the return of service."), and that it was not served with a copy of the default judgment, these issues were not raised before the trial court. We therefore do not address them on appeal. *See Katz v. Pierce,* 732 P.2d 92, 96 (Utah 1986) (stating "scope of review [of trial court's] refus[al] to set aside default [judgment is limited to] the grounds set forth in appellant's motion below"); *State v. Sixteen Thousand Dollars U.S. Currency,* 914 P.2d 1176, 1179 (Utah Ct.App.1996) (stating "the requirement that an appellant first present alleged errors regarding a default judgment to the trial court, and then follow the appropriate course for appeal, will best serve the interests of judicial economy and orderly procedure").

¶ 18 In requesting fees, Classic identified no basis under which it was entitled to attorney fees. Neither did the trial court articulate the basis upon which it premised the fee award. After examining both the record and law, we are unable to locate any support for the award. *See Foote v. Clark,* 962 P.2d 52, 54 (Utah 1998) ("Generally, attorney fees in Utah are awarded only as a matter of right under a contract or statute."). Thus, the trial court erred in awarding Classic attorney fees. Because this is a well-established rule, the trial court should have been aware, even absent an objection, that it was error to award the fees to Classic. All American is prejudiced in the amount of one thousand dollars based on the trial court's erroneous award. We therefore reverse the trial court's award of attorney fees to Classic.

## CONCLUSION

¶ 19 Because a constable's return of service is entitled to the same presumption of correctness as a sheriff's, and All American failed to offer clear and convincing evidence sufficient to rebut the constable's return and Affidavit of Service, we hold the trial court did not err by refusing to set aside the default judgment under Rule 60(b)(4) of the Utah Rules of Civil Procedure. Additionally, because All American's Rule 60(b)(6) argument is actually a Rule 60(b)(1) argument, the motion to set aside the default judgment was not timely filed and therefore fails on that basis. Lastly, because neither the trial court nor Classic have demonstrated a legal basis for the award of attorney fees to Classic, that portion of the judgment is reversed.

¶ 20  WE CONCUR: JUDITH M. BILLINGS, Judge, GREGORY K. ORME, Judge.

