2001 UT App 110

**Gherri COOKE, Petitioner and Appellant,**

v.

**Claude Seth COOKE, Respondent and Appellee.**

**No. 990743–CA.**

Court of Appeals of Utah.

April 5, 2001.

---

G. Michael Westfall, Gallian, Westfall, Wilcox & Wright, St. George, for Appellant.

Lewis P. Reece and Robert M. Jensen, Snow & Jensen, St. George, for Appellee.

Before Judges JACKSON, Associate P.J., BENCH, and BILLINGS, JJ.

## OPINION

BENCH, Judge:

¶ 1 Petitioner (Wife) appeals the trial court's order setting aside a default decree of divorce. We affirm.

## BACKGROUND

¶ 2 Wife filed a complaint for divorce from Respondent (Husband) in 1997. Gary Stubbs (Stubbs), a private process server, filed a signed return of service certifying that on May 28, 1997, Stubbs personally served Husband at his home address in Apple Valley, Hurricane, Utah. After Husband failed to respond to the summons and complaint, Wife requested and obtained a default decree of divorce against Husband. Then, at Wife's request, the court issued an order requiring Husband to appear and show cause why judgment should not be entered against him for child support arrearages. At a hearing on the order to show cause, Husband moved to set aside the default decree of divorce for lack of jurisdiction. Husband alleged the court lacked jurisdiction to enter the default decree of divorce because Husband was not served with process.

¶ 3 At an evidentiary hearing on Husband's motion to set aside the default decree of divorce, Stubbs testified that he did not actually serve Husband at the address indicated on the return of service. On failing to find Husband at his home address, Stubbs was informed by Wife that Husband was at Barbara Hall's (Hall) home just across the main highway. Stubbs testified that he drove over to Hall's home, walked up to the door and knocked. Stubbs further testified that after being let into the home by Hall, Stubbs saw Husband fleeing through a side door. Stubbs claimed that he called out to Husband and that Husband came back into the home and engaged in a conversation with Stubbs. Stubbs further testified that he informed Husband that he was being served with a summons and complaint, but Husband refused to accept the documents. Stubbs stated that he then set the documents down

on something and left. Based on Stubbs's testimony, Wife argued that service was effectuated pursuant to Rule 4(j) of the Utah Rules of Civil Procedure.

¶ 4 Husband testified that he was visiting Hall in her home on May 28, 1997. Husband claimed that just when he was telling Hall that he had to leave, a car approached the home. Husband testified that he and Hall engaged in a brief conversation regarding the possible identity of the approaching visitor. According to Husband, Hall said she did not recognize who it was, and Husband answered "No" when asked by Hall if he recognized the visitor. Husband claimed that upon seeing the other visitor driving up to Hall's home, he reaffirmed his intention to leave and returned to his home without having any conversation with the visitor.

¶ 5 Hall initially testified that as Stubbs was driving up to the home Husband said, "That looks like Gary Stubbs," and "I'm out of here." According to Hall, Husband left before Stubbs arrived and the two did not have a conversation. Hall asserted that she met Stubbs outside and that Stubbs never entered her house. Hall claimed that after she told Stubbs that Husband was not there, Stubbs threw the complaint and summons down at Hall's feet and left. Hall later clarified her testimony upon questioning from the trial court. Specifically, Hall recanted her earlier testimony that Husband recognized Stubbs. Hall testified that Husband did not say he recognized either Stubbs or the approaching car, but Hall "felt" that Husband left because he saw a car coming. Furthermore, Hall testified on cross examination that she assumed that Husband recognized the car, but he left before Stubbs arrived.

¶ 6 After hearing the testimony, the trial court determined that the return of service was rebutted by clear and convincing evidence and determined that Husband had not been served with process. The trial court then ruled that the default decree of divorce was void as a matter of law and granted Husband's motion to set aside the default decree of divorce for lack of jurisdiction. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The issue on appeal is whether the trial court properly granted Husband's motion to set aside the default decree of divorce. This is a mixed question of law and fact. The trial court's decision to set aside the default decree of divorce for lack of jurisdiction is a question of law that we review for correctness. *See Classic Cabinets, Inc. v. All Am. Life Ins. Co.,* 1999 UT App 88, ¶ 9, 978 P.2d 465. Before deciding to set aside the default decree of divorce for lack of jurisdiction, the trial court first had to determine that Husband was not served with process. This is a question of fact. *See Carnes v. Carnes,* 668 P.2d 555, 557 (Utah 1983). We will overturn the trial court's findings of fact only if they are "against the clear weight of the evidence, or if [we] otherwise reach[ ] a definite and firm conviction that a mistake has been made." *State v. Walker,* 743 P.2d 191, 193 (Utah 1987).

## ANALYSIS

¶ 8 Rule 4(b) of the Utah Rules of Civil Procedure requires that the summons and a copy of the complaint be served on a party to an action. A return of service shows that Husband was personally served at his home address by Gary Stubbs, a private process server, on May 28, 1997.

¶ 9 This jurisdiction has never addressed whether a presumption of correctness applies to a return of service by a private process server. We have held that a sheriff's return of service is " 'presumptively correct and is prima facie evidence of the facts stated therein,' " but the " 'invalidity or absence of service of process can be shown by clear and convincing evidence.' " *Classic Cabinets,* 1999 UT App 88 at ¶ 11 (citation omitted). Moreover, the person purportedly served has "the burden of showing that service was invalid." *Skanchy v. Calcados Ortope SA,* 952 P.2d 1071, 1074–75 (Utah 1998). In *Classic Cabinets,* we extended the presumption of correctness to a constable's return of service. *See Classic Cabinets,* 1999 UT App 88 at ¶ 11. For the same reasons expressed in *Classic Cabinets,* we now extend the presumption of correctness to a

return of service by a private process server. *See id.* at ¶ 12. All process servers are subject to the same criminal charges for falsifying a return of service. *See* Utah Code Ann. § 78–12a–4 (1996). Since all process servers are held equally accountable under the law, it follows that their returns of service should be given an equal presumption of correctness. Thus, Stubbs's return of service certifying that Husband was personally served is presumptively correct and can be disproved only by clear and convincing evidence.

¶ 10 The trial court determined that, contrary to Wife's argument, the evidence clearly and convincingly shows that Husband was not served with process. We will overturn this finding only if it is "against the clear weight of the evidence, or if [we] otherwise reach[ ] a definite and firm conviction that a mistake has been made." *Walker*, 743 P.2d at 193. Of significant importance in this case is the fact that the return of service was erroneous on its face because it stated that service occurred at Husband's home, which was admittedly incorrect. Ironically, the return of service in this case actually supports the trial court's finding that Husband was not served with process. Wife ignores this fact in her briefs on appeal, choosing instead to argue that the court's finding was erroneous because it required reliance on Hall's testimony, which Wife claims was inconsistent and therefore not credible.

¶ 11 As to whether Hall's testimony was credible, "[i]t is the province of the trier of fact to assess the credibility of witnesses, and we will not second guess the trial court where there is a reasonable basis to support its findings." *Reed v. Reed,* 806 P.2d 1182, 1184 (Utah 1991). Here, there was a reasonable basis for the court to find Hall credible and to rely on her testimony. Of paramount importance is the trial court's uncontested finding of fact that Hall and Husband had an independent recollection of the facts, but Stubbs did not. The court also found Hall to be the most objective witness because she was a friend of both parties and had no motive to testify against either party. Finally, Hall's testimony consistently corroborated Husband's testimony that he did not, as

Stubbs asserted, have a conversation with Stubbs or refuse to accept service of process.

¶ 12 As to alleged discrepancies in Hall's testimony, we find no reason to second guess the trial court's satisfaction with her testimony after it was clarified by questions from both the court and Wife's counsel on cross examination. Hall's clarified testimony indicates that she merely assumed or felt that Husband left Hall's home because he recognized Stubbs's car, but that Husband himself did not indicate that he recognized either Stubbs or his car. This testimony is consistent with Husband's own testimony that he did not recognize Stubbs, but left when he saw a car approach the home because he thought Hall had another visitor. Based on the testimony presented and the return of service itself, we conclude that the trial court's finding that Husband had not been served was not against the clear weight of the evidence.

¶ 13 Since Husband was not served with process, the court lacked jurisdiction as a matter of law to enter the default divorce decree. *See Garcia v. Garcia,* 712 P.2d 288, 290 (Utah 1986). Thus, the trial court properly granted Husband's motion to set aside the default divorce decree under Rule 60(b)(4) of the Utah Rules of Civil Procedure. *See State Dep't of Soc. Servs. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989) ("[W]hen a motion to vacate a judgment is based on a claim of lack of jurisdiction, the district court has no discretion: if jurisdiction is lacking, the judgment cannot stand without denying due process to the one against whom it runs.").

¶ 14 Husband asserts that because this is a frivolous appeal, he should be awarded his attorney fees and costs under Utah Rule of Appellate Procedure 33(a). The sanction for filing a frivolous appeal applies only in "egregious cases" with no "reasonable legal or factual basis." *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah Ct.App.1989). Although unsuccessful, Wife's appeal has a reasonable factual and legal basis given the high standard of proof for rebutting the presumption that a return of service is correct. Therefore, we do not award attorney fees under Rule 33(a).

Costs, however, are awarded to Husband under Rule 34 of the Utah Rules of Appellate Procedure.

## CONCLUSION

¶ 15 Although the return of service is presumptively correct, the trial court did not go against the clear weight of the evidence in finding that Husband had not been served with process. With no service of process, the trial court lacked jurisdiction to enter the default decree of divorce against Husband, and therefore, the trial court properly granted Husband's motion to set aside the default decree.

¶ 16 The judgment of the court is therefore affirmed. The parties are to bear their own attorney fees. Costs on appeal are awarded to Husband.

¶ 17 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, JUDITH M. BILLINGS, Judge.