2011 UT App 354

Rebecca VICCHRILLI, Petitioner and Appellee,

v.

Mark Christopher TRACY, Respondent and Appellant.

No. 20100760–CA.

Court of Appeals of Utah.

Oct. 20, 2011.

Rehearing Denied Dec. 15, 2011.

---

Mark Christopher Tracy, San Diego, CA, Appellant Pro Se.

Zachary J. Starr, Orem, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

CHRISTIANSEN, Judge:

¶ 1 Respondent Mark Christopher Tracy appeals the district court's orders and judgment entered August 30, 2010, holding him in contempt of court and awarding Petitioner Rebecca Vicchrilli $11,670 in child support arrearages and $2850 in attorney fees. We affirm.

¶ 2 Tracy first contends that the district court did not have personal jurisdiction over him because Vicchrilli redacted her contact information from the order to show cause she served on Tracy. Tracy claims that the process served upon him did not comply with rule 4(c)(1) of the Utah Rules of Civil Procedure and was insufficient to confer the court's jurisdiction over him.

¶ 3 First, we know of no requirement under the Utah Child Support Act that mandates service of a motion seeking to enforce a child support order pursuant to rule 4 rather than rule 5 of the Utah Rules of Civil Procedure. *See generally* Utah Code Ann. §§ 78B–12–101 to –403 (2008) (the Utah Child Support Act); Utah R. Civ. P. 4(c) (detailing mandatory contents of a summons); Utah R. Civ. P. 5(b) (explaining how service shall be made). And service pursuant to rule 5 does not require a summons as defined by rule 4. *See generally* Utah R. Civ. P. 5 (explaining the "[s]ervice and filing of pleadings and other papers"). Rule 5 provides,

> Except as otherwise provided in these rules or as otherwise directed by the court, every judgment, every order required by its terms to be served, every pleading subsequent to the original complaint, every paper relating to discovery, every written motion other than one heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties.

*Id. R.* 5(a)(1). Thus, because the rules do not mandate service of a summons, Vicchrilli properly served the order to show cause on Tracy.

¶ 4 Second, the fact that Vicchrilli redacted her contact information from the order to show cause did not cause the district court to

lose its jurisdiction over Tracy. Under the Child Support Services Act,

> In any ... child support action involving the [Office of Recovery Services (ORS) ] or between the parties, state due process requirements for notice and service of process shall be satisfied as to a party upon: (i) a sufficient showing that diligent effort has been made to ascertain the location of the party; and (ii) delivery of notice to the most recent [contact information] filed with the court, administrative agency, or state case registry under Subsection (1)(a).

Utah Code Ann. § 62A–11–304.4(1)(c) (2006). Vicchrilli provided such notice to Tracy by serving the order to show cause on him, and she did not have to provide her contact information with the order. Also, Tracy could have contacted ORS to receive Vicchrilli's current contact information. *See id.* § 62A–11–304.4(1)(a)–(b) (requiring parties to keep the court and ORS notified of their most recent contact information); *id.* § 62A–11–304.4(5)(a) (requiring ORS to provide contact information of one parent to the other).

¶ 5 In any event, even if Vicchrilli was required to provide her contact information in the papers served on Tracy, the district court had jurisdiction over Tracy because Tracy was present at the proceeding and does not allege that the redacted contact information prejudiced him during the proceeding. *Cf. Kenny v. Rich,* 2008 UT App 209, ¶¶ 34–35, 186 P.3d 989 (determining that even though the summons was defective because it stated that the defendant had only twenty, instead of thirty, days to respond, the defect was "inconsequential and ... did not deprive the court of jurisdiction" because the defendant "ha[d] not shown how [it] precluded actual notice of the ... action against him or otherwise prejudiced him"), *cert. denied,* 199 P.3d 970 (Utah 2008). Tracy does not allege that he was improperly served or that he had not received proper notice of the nature of the order to show cause or of the hearing scheduled. Indeed, the return of service certifies that the deputy personally served the order to show cause on Tracy on December 29, 2009. *See generally id.* ¶ 33 ("A private process server's 'return of service

certifying that [a defendant] was personally served is presumptively correct and can be disproved only by clear and convincing evidence.'" (alteration in original) (quoting *Cooke v. Cooke,* 2001 UT App 110, ¶ 9, 22 P.3d 1249)).

■ ¶ 6 Tracy next argues that the district court's contempt order is null and void because the court failed to determine whether Tracy was financially capable of complying with the child support order. Under Utah Code section 78B–6–315, Tracy "ha[d] the burden of proving inability to comply with the child support order." Utah Code Ann. § 78B–6–315(3). Contrary to Tracy's contention, we conclude that the district court entered findings of fact addressing Tracy's employment and ability to pay, including Tracy's period of unemployment, and nonetheless concluded that Tracy wilfully disobeyed the court order when in four years he made only three token payments totaling $330. The district court specifically found that Tracy had sufficient work experience and education and thus had opportunities for work: "[Tracy] has attained sufficient work experience and education through the military, legal studies in Germany, among other things, such that he had the legal ability to pay something towards his child support obligation, but failed to do so except for ... three token payments...."

¶ 7 In spite of the district court's findings to the contrary, Tracy also seems to imply that he was unable to pay child support. The Utah Child Support Act states, "Every mother and father *shall* support their children." *Id.* § 78B–12–105(1) (emphasis added). And, Tracy does not

> have a right to sacrifice the present needs and welfare of his ... child[ ], to the end that at some indefinite future time he may better his own financial status. His first duty is to provide for those whom he is legally and morally obligated to support, and if it becomes necessary for him to forego business opportunities with bright future prospects but with no present realization, in order to perform his obligations, the law, in the absence of exceptional circumstances, will require him so to do.

*Osmus v. Osmus,* 114 Utah 216, 198 P.2d 233, 236 (1948).

¶ 8 Moreover, Tracy had the option of petitioning the court to modify the child support order. *See* Utah Code Ann. § 62A–11–320.5 (2006) (providing the procedures to modify a child support order pursuant to the Child Support Services Act); Utah Code Ann. § 78B–12–210(8)–(9) (2008) (providing the procedures to modify a child support order pursuant to the Utah Child Support Act). Yet, the district court entered findings of fact that the support order had not been modified during the years of Tracy's nonpayment. For these reasons, we cannot say that the district court's order holding Tracy in contempt was an abuse of discretion. *See Anderson v. Thompson,* 2008 UT App 3, ¶ 11, 176 P.3d 464 ("The decision to hold a party in contempt of court rests within the sound discretion of the trial court and will not be disturbed on appeal unless the trial court's action is so unreasonable as to be classified as capricious and arbitrary, or a clear abuse of discretion." (internal quotation marks omitted)).

■ ¶ 9 Next, Tracy contends that the district court erroneously failed to permit evidence regarding whether Vicchrilli was barred from requesting enforcement of the child support order because she had not been providing support for the child. At the July 26, 2010 hearing, the district court explained, "[T]he child support is for the benefit of the ... minor. It's not for the benefit of [Vicchrilli].... [Tracy's] obligation is to the daughter and [Vicchrilli] cannot, by her actions, waive the obligation for [Tracy] to pay child support." The district court also found that Tracy could have located Vicchrilli or paid his child support through ORS. We agree on both counts. It is well established under the Utah Child Support Act that "[o]bligations ordered for child support and medical expenses are for the use and benefit of the child and shall follow the child." Utah Code Ann. § 78B–12–108(1). Also, not only could Tracy have requested Vicchrilli's contact information through ORS, but he also could have made his child support payments through ORS. Under Utah Code section 62A–11–304.4, both Tracy and Vicchrilli were required to keep the court and ORS notified of their current contact information. *See* Utah Code Ann. § 62A–11–304.4(1)(a)–(b). At any time upon Tracy's written request, provided that he satisfied the enumerated statutory requirements, ORS was required to provide him "location information available in its files on [Vicchrilli]." *See id.* § 62A–11–304.4(5)(a).

■ ¶ 10 Finally, Tracy appeals the district court's refusal to offset Tracy's past-due child support obligation with his $3000 contribution to his now-emancipated daughter's college expenses. Even if Tracy's daughter was still a minor, because each child support payment became a judgment on the date it was due, *see* Utah Code Ann. § 78B–12–112(3)(a), Tracy cannot offset his obligation for the child support arrearages that were due long before he contributed $3000 to his daughter's education. *Cf. Coulon v. Coulon,* 915 P.2d 1069, 1071 (Utah Ct.App.1996) (holding that the child support obligor could not use social security payments to the children that exceeded his child support obligation as a credit against child support arrearages because that "would allow the obligor to avoid the responsibility of providing for the current needs of the minor children" and also because the obligor cannot be relieved of the child support payments that became a judgment against him prior to the children receiving the social security payments). Thus, we cannot say that the district court erred in denying Tracy's request for a credit of $3000 against his past-due child support obligation.

¶ 11 Vicchrilli seeks attorney fees and costs on appeal. Because the district court awarded Vicchrilli attorney fees in the order of contempt, and because she prevailed on appeal, we award her attorney fees and costs on appeal. *See generally Lyngle v. Lyngle,* 831 P.2d 1027, 1031 (Utah Ct.App.1992) ("Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal."). Accordingly, we remand to the district court to determine Vicchrilli's reasonable attorney fees and costs incurred on appeal.

¶ 12 Affirmed.

¶13 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and CAROLYN B. McHUGH, Associate Presiding Judge.